AMBIRN REALTY CORPORATION, AND MANSION HOUSE WINES AND LIQUORS, INC., PROSECUTORS, v. ERWIN B. HOCK, COMMISSIONER OF THE DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL OF THE STATE OF NEW JERSEY, RESPONDENT.

Argued May 4, 1948—Decided June 28, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutors, *Tepper, Tepper & Verney.*

For the respondent, *Walter D. Van Riper,* Attorney-General of New Jersey (by *Anthony Meyer, Jr.,* Deputy Attorney-General).

The opinion of the court was delivered by

EASTWOOD, J.  A writ of *certiorari* was allowed prosecutors to review an order of the Commissioner of Alcoholic Beverage Control revoking plenary retail consumption license C-41 issued by the City Council of the City of Hackensack to S. Monte Smith for premises known as 52 Main Street, Hackensack, and C-50 issued to Mansion House Wines and Liquors, Inc., in renewal thereof.  Prosecutors were not parties to the proceedings resulting in the revocation of said license. Ambirn Realty Corporation was the owner of the premises covered by the revoked license and Mansion House Wines and Liquors, Inc., was the assignee of said license, transfer thereof having been approved subsequent to the filing of complaint against the holder thereof for violation of the Alcoholic Beverage Act.  By virtue of the provisions of *R. S.* 33:1–31, said licensee, S. Monte Smith, was necessarily the sole party to said proceedings.  The conclusions and order of the Commissioner in revoking Smith's license have not been attacked by either prosecutor.

Prosecutors contend that the Commissioner's order should be set aside on the ground that they were entitled to notice

of and should have been permitted to participate in the revocatory proceedings. Ambirn Realty Corporation argues that revocation of said license might render the licensed premises ineligible for any liquor license for two years thereafter, and that it thereby lost a valuable right. Mansion House Wines and Liquors, Inc., insist that it was deprived of its property without due process of law, alleging that it thereby became ineligible to hold or receive a license for two years following the revocation thereof in a proceeding to which it was not a party. We find no merit in the grounds advanced by prosecutors for a reversal of the Commissioner's order.

Item No. 48 on application dated April 12th, 1947, made by Mansion House Wines and Liquors, Inc., to the City of Hackensack for transfer of said license to it, provides:

"48. The applicant agrees, if license is issued to abide by and comply with the provisions of *R. S. Title* 33, *c. 1*, and any rules and regulations promulgated heretofore and hereafter by the State Commissioner of Alcoholic Beverage Control pursuant thereto, and with provisions of all duly enacted municipal ordinances and resolutions."

Under rules promulgated by the Commissioner, disciplinary proceedings are not barred or abated by expiration, transfer, surrender, renewal or extension of the license; a license may be revoked notwithstanding the cause occurred prior to transfer or extension of the license or during the term of a predecessor in interest; and, where disciplinary proceedings are instituted and the license is transferred, extended or renewed during the pendency thereof, such proceedings may be carried through to conclusion and any order of suspension or revocation shall apply without further proceedings to the license so transferred, extended or renewed. It is interesting to note that said licensee, S. Monte Smith, has not sought a review of the order revoking his license. Said rules apply to the matter at issue here, as a consequence of which Mansion House Wines and Liquors, Inc., has no standing in law to justify its contest of said order of revocation.

Neither Ambirn Realty Corporation nor Mansion House Wines and Liquors, Inc., had any property right in the license revoked. The legal principle applicable here is so firmly

established by the courts of this state, it requires no extended discussion, *i. e.,* a liquor license is purely a personal privilege conferred upon the licensee; no other person is entitled to any interest therein; it does not create any property right in the licensee, and the rights of the licensee and his landlord are subordinate to the police power of the state. In the case at bar, under the ruling law of this state, neither prosecutor had any property right which was superior to the police power of the state, in the exercise of which, under said statute and rules, the Commissioner legally and justifiably revoked said license, notwithstanding prosecutors were not parties to said proceedings.

We find no merit in the contention of the parties that the revocation of said license made either the property of Ambirn Realty Corporation or Mansion House Wines and Liquors, Inc., ineligible to receive a license for a period of two years, as the ineligibility provision of the statute (*R. S.* 33:1–31) was, by the Commissioner's conclusions and order, made to apply to S. Monte Smith only, the holder of the license at the time of the alleged violation.

The order of the Commissioner is affirmed, and the writ is dismissed, with costs.