210 A.2d 595.

John W. Scialo vs. Nathaniel W. Smith, Jr., *Liquor Control Administrator.*

JUNE 2, 1965.

Present: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

POWERS, J. This petition for certiorari seeks to quash a decision of the liquor control administrator, hereafter referred to as the administrator. We issued the writ and pursuant thereto the pertinent records were duly certified to this court for our inspection.

It appears therefrom that petitioner is the holder of a class B victualer retail beverage license issued to him as the operator and sole owner of Kathy's Lounge, located at 1677 Westminster street in the city of Providence; that his brother, Salvatore Scialo, is the principal bartender and in charge of general supervision; that on October 2, 1964 petitioner's license was suspended for a period of two weeks by the Providence Bureau of Licenses on a finding that petitioner had permitted gambling on the licensed premises; and that from this suspension petitioner appealed to the administrator in accordance with the provisions of G. L. 1956, §3-7-21.

It also appears that a part of the record before the administrator, who held a hearing de novo on November 6, 1964, included the decision of the bureau of licenses and the findings on which its decision was reached. These disclose that at the hearing before the bureau, petitioner pleaded nolo to the police charge that he had permitted gambling on the premises in violation of §3-5-23 and had pleaded guilty to two charges in the district court of the sixth judicial district growing out of the investigation which led to the preferring of charges before the bureau.

Further at the hearing before the administrator, Charles E. Porcaro, special agent with the Intelligence Division of the Internal Revenue Service, testified that he had visited petitioner's premises, apparently in the guise of a patron, on June 11, 12, 13, 18, 21 and July 9 and 13, 1963; that on all but the second occasion he placed bets on horse races conducted at divers tracks with the bartender, Salvatore Scialo, who also paid off on successful wagers; that an

Armstrong racing sheet was kept in the beer cooler whence it was taken for his perusal and that of other patrons on request; that the money delivered to the bartender for wagers was kept separate from money paid for beverages; and that winnings were paid out of the money not rung up in the cash register.

He admitted that although he saw the Armstrong sheet produced for other patrons and money passed to the bartender, he did not overhear any other patron place a bet in connection with the transactions he observed. The witness further testified that he had attempted to place a bet on June 12, 1963, the occasion of his second visit, but was refused for the reason "that the town was hot."

On cross-examination Mr. Porcaro admitted that he did not see petitioner on the premises during any of his visits.

The administrator, drawing inferences from the record certified to him and the testimony of the witness Porcaro, held that the liquor control act is intended to hold licensees strictly accountable for conduct on their premises and found petitioner guilty of having permitted gambling contrary to the statute. He reimposed a two-week suspension ordered by the bureau on October 2, 1964.

At the outset we deem it advisable to consider the administrator's contention that the instant cause is not properly before us for the reason that petitioner was afforded a remedy in the superior court by virtue of the provisions of §42-35-15 which became effective January 1, 1964. Assuming the efficacy of that provision, we note that the contention was made for the first time when the instant cause was heard on its merits. No motion was filed in this court prior thereto urging that the petition be dismissed because of another and adequate remedy. Whatever the relief intended by the Administrative Procedures Act cited by the administrator, it does not divest this court of its revisory jurisdiction to exercise its discretion in connection with the

common-law writ of certiorari. In the circumstances of the instant case we are not persuaded that we should now hold the writ to have been improvidently issued. Since it is an exercise of our discretion, however, our determination in this instance should in nowise be considered as a precedent in some other subsequent proceeding.

Turning then to the merits, petitioner makes two congenerous contentions. He argues that there is no legal evidence to support a finding that he had any knowledge of the gambling activities related by the witness Porcaro, and absent such a finding petitioner could not be held to have permitted gambling on the premises as charged. These arguments are predicated on the supposition that the proceedings were criminal in nature. We have heretofore held, and it is well settled, that this is not the case. *Cesaroni* v. *O'Dowd*, 94 R. I. 66, 177 A.2d 777.

Thus, contrary to petitioner's contention it was not incumbent upon the administrator to find the licensee guilty beyond all reasonable doubt. Nor is there merit in petitioner's companion contention that a licensee is not responsible for the conduct of his servant or agent, absent personal knowledge of that conduct as would be the case in a criminal complaint. It is the responsibility of an alcohol beverage licensee so to supervise the operation of a business carried on pursuant to his license as to make certain that the laws to which his license is subject are not violated. Onerous though this burden may be, it is within the police power of the legislature to impose it. *Cesaroni* v. *Smith*, 98 R. I. 377. 202 A.2d 292; *DiTraglia* v. *Daneker*, 83 R. I. 227.

Within the meaning of §3-5-23, therefore. the administrator would be justified in finding that the licensee had permitted gambling within the licensed premises if there were any legal evidence from which he could find, or reasonably infer, that petitioner had failed in his obligation to

maintain an efficient and affirmative supervision of the business to which his license applied. See *Cesaroni* v. *Smith, supra*. The synopsis herein given suffices to demonstrate that there was competent evidence from which the administrator could find that petitioner in the instant case permitted gambling in violation of the statute. The weight thereof was for the administrator to consider and his evaluation of it is not before us in these proceedings. No principle of law is more firmly established in this jurisdiction than that which holds that in certiorari this court will examine the evidence for the limited purpose of determining whether any of it was competent, and if any such be found it will not be weighed by this court. *Baur* v. *Town Council*, 39 R. I. 500.

There is no circumstance here which sets the instant case apart from the accepted rule. The petitioner appears to argue that the nature of the evidence in the instant case is analogous to that which this court found to be insufficient. *Belconis* (d.b.a. Standard Bottling Co.) v. *Brewster*, 65 R. I. 279. There the decision of the administrator was quashed for the reason that it was not based upon a sufficient finding of fact. However, the ground on which the license was revoked was that the licensee had sold alcoholic beverages to an unlicensed dealer "having reason to believe that the same are to be resold" in violation of G. L. 1938, chap. 163, §11, now G. L. 1956, §3-7-10.

The administrator made his decision without making any finding that the proven sales had been made by the licensee with reason to believe that the merchandise was to be resold. The cases are readily distinguishable. *Belconis* v. *Brewster, supra,* turned on the failure of the administrator to make a finding which the legislature had laid down as a condition precedent to the vesting of jurisdiction in proceedings for the revocation of an alcoholic beverage license. See *Hazen* v. *Zoning Board of Review*, 90 R. I. 108. Wheth-

er in the *Belconis* case there was evidence from which the administrator might have made the required finding does not appear but the failure to make such a finding was fatal. Here, however, the administrator did find that the petitioner had permitted gambling on the licensed premises within the meaning of §3-5-23 and there was competent evidence on which that finding could be supported.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, the pending stay of the order of suspension is dissolved, and the records certified are ordered returned to the respondent administrator with direction to reinstate the order of suspension.

*Jacob J. Alprin,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for respondent.