218 A.2d 659.

NOCERA BROS. LIQUOR MART, INC. *vs.* LIQUOR CONTROL HEARING BOARD.

APRIL 19, 1966.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

ROBERTS, C. J. This petition for certiorari was brought to review a decision of the liquor control hearing board of the state of Rhode Island denying and dismissing the peti-

tioner's appeal from an order of the liquor control administrator suspending for a period of seven days its Class A retail beverage license. The writ issued, and pursuant thereto the respondent board has returned to this court a certified record of the proceedings in question.

It is not disputed that in May 1965 petitioner caused to be published in certain newspapers issued within this state advertisements wherein it set out the price at which certain alcoholic beverages are sold within the state and the price at which the same beverages are sold in places outside of the state. After such advertisements appeared in the papers, petitioner was charged with a violation of G. L. 1956, §3-8-7, as amended, which reads in pertinent part: "No manufacturer, wholesaler, or shipper from without this state and no holder of a license issued under the provisions of this title and chapter shall cause or permit the advertising in any manner whatsoever of the price of any malt beverage, cordials, wine or distilled liquor offered for sale in this state * * *."

The administrator, after hearing, entered the order of suspension, and petitioner prosecuted an appeal to the hearing board. After the entry of the decision of said hearing board denying its appeal from the order of suspension, petitioner proceeded under the provisions of §3-3-9 to petition for the instant writ of certiorari to review that decision. Section 3-3-9, in pertinent part, provides that the administrator "or any party in interest, if aggrieved by a decision of said board shall have the right * * * to petition the supreme court of the state of Rhode Island for a writ of certiorari to review any questions of law involved."

Consideration is given, first, to the question of whether, in view of the provisions of G. L. 1956, §42-35-15, as amended, of the administrative procedures act, so called, this petitioner is entitled to have the instant decision of the liquor control hearing board reviewed in this court by way of certiorari under the provisions of §3-3-9. In §42-35-15 it is

646

provided that anyone aggrieved by final agency action may obtain judicial review of that action in the superior court, and under §42-35-16 decision of the superior court thereon is subject to judicial review in this court by way of appeal as in other civil cases. The question then is whether, in enacting the administrative procedures act, the legislature intended to abolish review of hearing board decisions as provided in §3-3-9.

There is nothing in the administrative procedures act that strikes down the liquor control hearing board established under the provisions of §3-3-1 or revokes its authority to review agency action in appropriate circumstances. It appears, however, that it does, by necessary implication at least, repeal the provisions of §3-3-9 which provide for a review in this court of decisions of the liquor control hearing board by way of petition for a statutory form of certiorari. For that writ it substitutes an appeal to the superior court by way of a bill of complaint with an appeal to this court from the superior court's decision as in any other civil case.

What petitioner argues is that that portion of §42-35-15 (a) which reads, "This section does not limit utilization of or the scope of judicial review * * * provided by law," is in effect a savings clause which includes within its scope the statutory petition for certiorari provided in §3-3-9. We cannot agree. Conceding that clause (a) of §42-35-15 is, in effect, a savings clause, it appears to us that it preserves only an aggrieved party's right to claim the appeal procedure provided for in §3-3-5 before the liquor control hearing board. If the effect of this be to complicate the procedure for determining the validity of agency action, it is beyond the jurisdiction of this court to correct it, the wisdom of such legislation being clearly within the purview of the legislature.

In short, it is our opinion that a review of a decision of the liquor control hearing board can be properly brought

to this court only by way of an appeal from a decision of the superior court reviewing such decision pursuant to the provisions of said §42-35-15, excepting, of course, the inherent power of this court to review decisions of subordinate tribunals by way of the common-law writ of certiorari issued in its discretion. See *Scialo* v. *Smith,* 99 R. I. 738, 210 A.2d 595.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, the pending stay of the order of suspension is dissolved, and the record certified to this court is ordered sent back to the respondent board with direction to reinstate the order of suspension.

*Smith & Smith, Archie Smith,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Joseph L. Breen,* Chief Special Counsel, for respondent.