223 A.2d 841.

WILFRED J. THERAULT *vs.* GEORGE E. O'DOWD,
*Liquor Control Administrator.*

NOVEMBER 14, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This petition for certiorari seeks to review and quash a decision of the respondent liquor control administrator sustaining a decision of the bureau of licenses of the city of Providence suspending the petitioner's class C beverage license for permitting gambling or unlawful gaming on the licensed premises in violation of G. L. 1956, §3-5-23. We issued the writ October 20, 1961, which was prior in time to the enactment of P. L. 1962, chap. 112, now G. L. 1956, chap. 35 of title 42, as amended, cited as administrative procedures. In compliance with the mandate of the writ the respondent administrator duly certified the appropriate records to this court for our examination.

The petition was originally brought against George E. O'Dowd as liquor control administrator, but subsequently Nathaniel W. Smith, Jr., was substituted as party respondent, he having succeeded respondent George E. O'Dowd in office.

It appears therefrom that on August 9 and 10, 1961, detective Chester Rich of the Providence police department visited Terry's Bar on Cranston street in said city at or about ten minutes to five in the evening and left some fifty minutes later on both occasions. The establishment in question was licensed to Wilfred J. Therault, petitioner herein, who was present as bartender on both days during detective Rich's visits. As a result of observations made by detective Rich on the occasions of his two visits, petitioner was charged with permitting gambling or gaming on his class C licensed premises and after hearing the Providence bureau of licenses ordered a three-day suspension of the license. From this suspension petitioner appealed to

the respondent liquor control administrator pursuant to the provisions of §3-7-21.

At the hearing detective Rich testified that on his first visit there were some twenty patrons, seven or eight of whom were seated at the bar "reading the Armstrong Racing sheets and green sheets and discussing horses." About five o'clock detective Rich stated a Harry Zaroozian entered the bar, took an Armstrong out of his pocket and read off results of races run previously in the day. Rich went on to relate the exchange of money between patrons and Zaroozian which together with other conduct carried on between the patrons and Zaroozian would readily support an inference that Zaroozian was engaged in bookmaking.

Detective Rich's testimony as to what he observed on his second visit was in the same vein. Because petitioner acknowledges that the testimony of detective Rich, based on his personal observations, justifies the inference that Zaroozian was engaged in bookmaking, we deem it not necessary to set the detective's testimony out in greater detail.

It is petitioner's basic contention that conceding the validity of the inference establishing Zaroozian's gambling activities, it does not follow that respondent was warranted in drawing the additional inference that petitioner was privy to the illegal gaming.

He points to his own testimony that he was never associated with Zaroozian or anyone else in the business of booking, had no knowledge of any being conducted on his premises and would not have tolerated it under any circumstances.

He stresses his own testimony and that of a patron present at the time of detective Rich's two visits that the times in question were the busiest of the day and that it was not probable that petitioner, busily engaged in serving patrons, could have been aware of Zaroozian's activities.

In *Scialo* v. *Smith*, 99 R. I. 738, 210 A.2d 595, this court

discussed in detail and carefully defined the nature of the obligation to which a licensee is subject under the provision of the statute for the violation of which the instant petitioner was charged. Making it clear that to "permit any gambling or unlawful gaming" does not require evidence of consent either expressed or implied, we stated at page 598 that: "It is the responsibility of an alcohol beverage licensee so to supervise the operation of a business carried on pursuant to his license as to make certain that the laws to which his license is subject are not violated."

Nevertheless, petitioner argues, there being no direct evidence of gambling, only evidence from which gambling could be inferred, the drawing of such an inference does not warrant the further inference that petitioner failed to supervise his premises in the manner required by the statute.

This argument, however, misconceives the clear import of the rule stated in *Scialo* v. *Smith, supra,* as related to the evidence adduced before respondent. It consists of testimony relating to the conduct on the licensed premises of both patrons and Zaroozian. The credibility of such testimony and the weight to be given it are not open to review in this court. *DiTraglia* v. *Daneker,* 83 R. I. 227; *Messier* v. *Daneker,* 81 R. I. 243. The conduct thus established being open to the inference that wagers on horse racing were being made on petitioner's premises and that inference having been drawn by respondent, it follows that petitioner was responsible for failing to maintain the efficient and affirmative supervision of his premises required by §3-5-23. *Scialo* v. *Smith, supra.*

To argue that the burden thus imposed by the statute is onerous or even harsh is unavailing because a license such as that held by petitioner is granted and accepted subject to such conditions as the legislature deems advisable, how-

ever burdensome those conditions may be. *C. Tisdall Co.*
v. *Board of Aldermen,* 57 R. I. 96.

The petition for certiorari is denied and dismissed, the
stay heretofore granted is vacated, the writ is quashed, and
the records in the cause are ordered returned to the respond-
ent administrator with our opinion endorsed thereon.

*Haig Barsamian, Angelo Cianciarulo,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,*
Assistant Attorney General, for respondent.