228 A.2d 119.

ALBERT J. VITTERITO *et al. vs.* SPORTSMAN'S LODGE & RESTAURANT, INC.

APRIL 7, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PowERS, J. This petition for a writ of certiorari was brought by the members of the Westerly town council who, pursuant to the provisions of G. L. 1956, §3-5-15, constitute the license commissioners for said town. It seeks, in effect, to review certain orders contained in two decrees entered by a superior court justice and prays that said orders be quashed for lack of jurisdiction. We issued the writ and in compliance with its mandate the clerk of the superior court for Washington county duly certified the pertinent records to this court for our examination.

It appears therefrom that Albert J. Vitterito and Paul A. Vitterito, plaintiffs, claiming to be the equitable owners of 51% of the stock of the above-named defendant corporation, commenced proceedings September 7, 1966 in the superior court for Washington county demanding as judgment the appointment of a receiver in accordance with G. L. 1956, §7-5-17.

On September 12, 1966 temporary co-receivers were appointed and qualified by filing their bonds September 16, 1966. Thereafter, on October 19, 1966, James E. Murphy, Esquire, was duly appointed and qualified as permanent receiver.

It further appears that the above-named defendant corporation, d/b/a Club LaPaloma, held a class B-V retailer's beverage license which was valid until December 1, 1966.

On October 18, 1966 the licensed premises having been closed for over a month, said license was picked up by the Westerly police and delivered to the town council as ordered by it. The permanent receiver subsequently made demand for its return and November 21, 1966 the Westerly town council, sitting as license commissioners, voted to return it and the record shows that it was delivered to receiver Murphy. The action of the license commissioners in ordering the license removed from the premises is not in issue here.

However, in addition to demanding a return of the license expiring December 1, 1966, receiver Murphy, having been so authorized by the superior court, seasonably made application to the license commissioners for a renewal of the license to December 1, 1967, and this application was publicized for hearing with all other applications pursuant to G. L. 1956, §3-5-17.

The hearing pursuant to such notice was held November 21, 1966 at which time 52 applications for renewals were considered. It was at this meeting that the license commissioners voted to return the expiring license as aforesaid. Acting on the applications for renewal, the license commissioners voted to grant fifty such applications but continued the hearing as to two of them, one of which was the receiver's. The recessed hearing on receiver Murphy's application was to have been held November 29, 1966. However, on November 28, 1966, the receiver filed a petition in the superior court for instructions and that same day a justice of said court entered a decree enjoining the license commissioners from holding said meeting and further ordered them to appear December 2, 1966 to show cause why the license should not be renewed.

The Westerly town solicitor appeared and moved that said injunction and order be vacated. This motion was denied and a decree was entered December 6, 1966 ordering

the license commissioners to renew the license within seven days or be held in contempt. Ancillary to an appeal therefrom, the town solicitor requested a stay which was denied on the receiver's objection. On December 9, 1966 this court entered a stay of the superior court's orders and granted the town council's petition for a writ of certiorari.

In his oral argument and brief the permanent receiver vigorously argues that the instant proceedings are not such as should warrant review in this court by way of certiorari, citing *In the Matter of Estate of Lucy Wortham James,* 64 R. I. 144, and *Chew* v. *The Superior Court,* 43 R. I. 194.

In these cases this court held that even though a question of jurisdiction was involved, we would not, absent some exceptional circumstance, review by way of certiorari a controversy which could be resolved either by an appeal or by a bill of exceptions.

Without departing from, nor intending to relax, the rule laid down in the cited cases and others, we are of the opinion that the instant case raises a question of public concern independent of the petitioners' involvement. The possibility of their being punished for contempt is, as the receiver argues, interlocutory in nature. However, it poses the question of whether the judicial branch can, by a threat to use its inherent power to punish for contempt, compel an administrative agency of the legislative branch to abdicate responsibilities entrusted to such agency by the legislature in a valid exercise of its police power. We think this question to be of such importance as to motivate the exercise of our discretion so as to bring the instant case within the exception to the general rule. See *Conte* v. *Roberts,* 58 R. I. 353.

It is well settled that the business of the sale of intoxicating liquor is so completely subject to the exercise of the police power of the state that it may even be entirely prohibited by the state, or it may be authorized subject to such

restrictions and burdens, however great, as the legislature may deem it advisable to impose. The only limitations on legislative prerogatives in this area are the equal protection and due process clauses of the federal constitution. *C. Tisdall Co.* v. *Board of Aldermen,* 57 R. I. 96; *Mugler* v. *Kansas,* 123 U. S. 623.

So also is it settled that the vesting of the licensing power and subsequent regulation and supervision of such licenses in the several municipal governments in the first instance is a constitutional delegation by the legislature of its exclusive authority of the premises, such delegation being merely a legislative policy determination that the conferring of administrative and regulatory authority upon a governmental agency can best achieve efficient control of the liquor traffic. *Di Traglia* v. *Daneker,* 83 R. I. 227. The manner and extent of authority thus conferred is a question of legislative will only. See *Crowley* v. *Christensen,* 137 U. S. 86.

Thus, by the provisions of §3-5-15, the general assembly has conferred the licensing power on the instant petitioners and in exercising that power they are governed by the legislative will as expressed in §3-5-17. This latter section requires, as a condition precedent to the granting of a license, public notice of the pending application. Such notice shall be given by newspaper publication for at least two weeks and shall contain the name of the applicant and a description by street and number or other plain designation of the particular location for which the license is requested.

The section further provides:

"* * * Said notice shall state that remonstrants are entitled to be heard before the granting of such license, and shall name the time and place of such hearing. At such time and place a fair opportunity shall be granted the remonstrants to make their objections before acting upon said application."

This section applies to applications for renewals as well as to original applications and at the hearing thus provided general as well as legal remonstrants are entitled to be heard. See *Casala* v. *Dio,* 65 R. I. 96.

Illuminative of the exclusive nature of the general assembly's prerogatives in licensing the liquor traffic and the regulation thereof, it is worthy of note that the provisions of the foregoing section relating to the requirement of notice, the contents thereof, and the rights of remonstrants to be heard are all but identical with those contained in P. L. 1889, chap. 816, sec. 2. Passing on that provision this court in *Dexter* v. *Town Council,* 17 R. I. 222, held that, when the statutory conditions are fulfilled, due notice given and the requisite number of landowners do not object, the granting of the license is a matter of discretion and such discretion is not reviewable here. At page 225 the court stated:

"* * * When due notice has been given, and the requisite number of landowners do not object to the license, it is then a matter of discretion with the board whether to grant the license or not. Over such a conclusion this court has no control."

The *Dexter* case came up by way of certiorari, there being no appeal from the denial or granting of a license except for errors of law. Since the legislature made due notice and a lack of objections to the granting of a license by a majority of the landowners within 200 feet of the premises to be licensed conditions precedent to the exercise of jurisdiction by the local licensing board, the question of whether there had been compliance with such conditions was of course a question of law and as such reviewable by this court through its writ of certiorari.

The *Dexter* case and the statute in force at the time predated the prohibition era, but the significance of this court's decision has application in the case at bar. The significance is this: a licensee had only such rights then as the legis-

lature at that time provided and has only such rights now as the prevailing statutes may grant. In *Baginski* v. *Alcoholic Beverage Comm'n,* 62 R. I. 176, this court discusses at length the legislative policy in this state as it existed before and after the prohibition era.

With the repeal of the 18th amendment to the federal constitution, the general assembly enacted P. L. 1933, chap. 2013. Said act, specifically sec. 14 thereof, provides that applicants for alcoholic beverage licenses whose applications were denied by the local board, as well as a licensee whose license was revoked by said board, were given a right of appeal to the alcohol beverage commission established by the act. Referring to such rights this court in *Burton* v. *Lefebvre,* 72 R. I. 478, at page 485 stated:

"* * * Although a lawfully issued liquor license may not be property in the strict legal sense, it has some of the aspects of a property right, and it is reasonable to suppose that the legislature intended that a holder of such a license should have protection from arbitrary interference therewith by the local licensing board."

Still later with the enactment of P. L. 1961, chap. 164, sec. 1, now G. L. 1956, §3-7-6, as amended, the holder of a class A, B or C license who applied before November 15 of the year in which his license expired became prima facie entitled to a renewal thereof.

As previously noted, receiver Murphy having been so authorized by the superior court, took defendant's 1966 class B-V retailer's beverage license into his possession as an asset in the receivership and made application for its renewal prior to November 15, 1966. He argues, in effect, that the prima facie right to renewal establishes the license as property subject to the order of the superior court which has jurisdiction over the receivership proceedings. The orders of that court contained in its decrees of November 28 and December 6, 1966 with regard to the license were, it is

the receiver's position, within the jurisdiction of the superior court justice.

However, said §3-7-6, as amended, also provides, "Any such application may, however, be rejected for cause, subject to appeal as provided in §3-7-21." Said sec. 21 provides in pertinent part that a licensee whose application has been denied by the local board may, within ten days of its decision, appeal to the liquor control administrator who, after hearing, may confirm or reverse in whole or in part the decision of the local board and make such further order as to the administrator shall seem proper. Prior to the enactment of the Administrative Procedures act (P. L. 1962, chap. 112) the decision of the administrator was reviewable only by way of certiorari in this court and then only as to questions of law. *Board of License Comm'rs* v. *O'Dowd*, 94 R. I. 243.

With the adoption of said administrative act, now G. L. 1956, chap. 35 of title 42, as amended, an appeal to the superior court was provided but, significantly, only as to questions of law.

Clearly then, if the applicant for renewal of the class B-V retailer's license in question were the defendant corporation, it would have been subject to the hearing ordered by petitioners for November 29, 1966. If, as a result of said hearing, the application for renewal had been denied, defendant's only recourse would have been an appeal to the administrator, pursuant to the provisions of §3-7-21, and, in a proper case, thence to the superior court.

The receiver, however, takes the position that the license, being an asset of the receivership, acquires a character different from that which it possessed in the hands of defendant.

To what extent this contention may have merit in other cases we do not inquire. Suffice it to say that we think the receiver in the instant case could not circumvent the

legislative-mandated hearing called by petitioners for November 29, 1966. His attempt to invoke the jurisdiction of the superior court by reason of the court's power over the receivership property, at least prior to a decision by petitioners reached after the scheduled hearing, was premature.

In *Ryder* v. *Ryder*, 19 R. I. 188, this court held that in the absence of fraud or statutory regulations, a receiver, like a voluntary assignee for the benefit of creditors, or assignee in insolvency or bankruptcy, succeeds only to the debtor's rights, and takes the property subject to the claims, liens and equities which would affect the debtor if he himself were asserting his interest in the property.

The principle thus enunciated was reaffirmed by this court in *Frank* v. *Broadway Tire Exchange Co.*, 42 R. I. 27; to the same effect see *Rankin* v. *City National Bank*, 208 U. S. 541, and *Cutler* v. *Fry*, 240 Fed. 238.

It would be a unique departure from the principles on which the rule in those cases was based were we now to determine that a receiver applying for renewal of an alcoholic beverage license is not bound by the legislative requirements to which the debtor would be subjected.

We hold, therefore, that the orders in the decree of November 28, 1966 enjoining the petitioners from holding the November 29, 1966 meeting and further ordering the petitioners to show cause why the license should not be renewed are null and void. The decree of December 6, 1966, ordering the petitioners to renew the license or be held in contempt is likewise held invalid.

The petition for certiorari is granted, the portions of each decree heretofore determined as lacking validity are quashed and the records in the cause are remanded to the superior court with our decision endorsed thereon.

*James J. Longolucco*, for plaintiff.

*James E. Murphy*, for defendant.