254 A.2d 766.

ANSELMO VITALI *et ux. vs.* NATHANIEL W. SMITH, JR.,
*Liquor Control Administrator, et al.*

JULY 1, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This is a petition for certiorari to review a
decision of the liquor control administrator. In that deci-
sion he found that Esterina and Anselmo Vitali, the licensed
operators of a bar and cafe known as the Dunes Cafe, had
permitted a violation of the gambling laws to take place
on their premises and he suspended their class B victualer's
retail beverage license for a period of 30 days. Enforce-
ment of the suspension order was stayed pending a decision
of this court. Before the case was heard here, however,

both of the licensees died and this petition, originally filed by them, was then prosecuted by their daughter-in-law, Jean Vitali, to whom, following the death of her parents-in-law, the license had been transferred with the permission of the local board of license commissioners.

The petitioner does not challenge the credibility, the competency, or the weight of the evidence adduced to establish that a bartender-employee of the Dunes Cafe while on duty booked a bet on a horse race.

Neither does she take issue with our rule which makes it the responsibility of an alcoholic beverage licensee so to supervise the conduct of his business as to make certain that the laws to which the license is subject are not violated. *Therault* v. *O'Dowd*, 101 R. I. 395, 223 A.2d 841; *Scialo* v. *Smith*, 99 R. I. 738, 210 A.2d 595. What she argues initially is that there was no breach of the duty "to supervise" established on a record which discloses only that the then licensees had no direct or implied knowledge of a single isolated violation of the gambling laws which occurred on their premises.

In arguing as she does, petitioner misses the thrust of *Scialo* and *Therault*. When we said in those cases that a liquor licensee is duty bound "so to supervise" the conduct of activities on his premises as to make certain that no violations of the law will take place, we did not mean that a licensee's failure to provide effective supervision would subject him to the penalties which, pursuant to G. L. 1956, §3-5-23, may be imposed upon a licensed person who permits any of the laws of this state to be violated at the house or place where he is licensed to sell beverages. Rather, we were admonishing and warning him of the serious consequences which might result if, even without his knowledge, those laws were breached, and we were suggesting to him that by providing effective and efficient supervision he might prevent infractions and thereby avoid those conse-

quences. When the duty "to supervise" is given this meaning, what is all-important and decisive is whether there has been a violation of the law—not whether supervision was provided. The liquor laws penalize for infractions of laws, not for lack of supervision. They make a licensee absolutely accountable for what happens on his premises; and that he is not aware of what is going on is not available as an excuse or a defense. Here the violation occurred. Without more, it justified suspending the license.

The petitioner argues in addition that the case became moot when the license was transferred to her during the pendency of the disciplinary proceedings and after the decease of those who were the licensees when the breach occurred.

A similar argument was urged upon somewhat similar facts in *Kmiec* v. *Liquor Control Hearing Board,* 87 R. I. 257, 140 A.2d 133. There, the hearing board did not decide the case until subsequent to the expiration of the license in effect at the time of the infraction and following the issuance of a renewal license, and we held that successive licenses are granted on condition that the holders thereof will continue to be subject for violations occurring prior to the expiration of a preceding license. There is no substantial distinction between that case and this. True, there the same person was the holder of both the expired and the renewal license whereas here the licensee is a transferee. That the identity of the licensee may have changed during the pendency of the disciplinary proceedings is not sufficient reason, however, why the one situation should be distinguished from the other. The law has many instances of where a transferee takes no more than his transferor can give him, and this is but another example. On principle, disciplinary proceedings against a licensee should be no less barred upon a transfer of a license than they are upon its expiration. Neither the expiration and a renewal of a

license nor a transfer thereof should abate such proceedings. In either event, disciplinary proceedings, once initiated, may be carried through to their conclusion and an order of suspension or revocation imposed. *Vitterito* v. *Sportsman's Lodge & Restaurant, Inc.,* 102 R. I. 72, 228 A.2d 119; *Ambirn Realty Corp.* v. *Hock,* 137 N.J.L. 329, 59 A.2d 842.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, the stay of the order of suspension is dissolved, and the records certified are ordered returned to the respondent administrator with direction to reinstate the order of suspension.

*Joseph A. Capineri,* for petitioners.

*Herbert F. DeSimone,* Attorney General, *Charles G. Edwards,* Asst. Attorney General, for respondents.