# United States Court of Appeals
## For the First Circuit

No. 06-1043

JOSEPH VARS, IT'S MY LICENSE, INC., AMY VARS,
and MICHAEL VARS,

Plaintiffs, Appellants,

v.

LAURA CITRIN, RICHARD C. SARDELLA, JAMES BACCARI,
JEANNE MARIE NAPOLITANO, RICHARD O'NEIL,
STEPHEN C. WALUK, KATHERINE LEONARD, JOHN J. TRIFERO,
MARILYN SHANNON MCCONAGHY, JEFFREY GREER,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND
[Hon. Ernest C. Torres, Chief U.S. District Judge]

Before

Boudin, Chief Judge,

Torruella, Circuit Judge

and Schwarzer,* Senior District Judge

Marty C. Marran with whom Edward G. Lawson was on brief for
appellants.
Marc DeSisto with whom Kathleen M. Daniels and DeSisto Law
were on brief for appellees.

December 6, 2006

---

*Of the Northern District of California, sitting by
designation.

**Schwarzer**, <u>**Senior District Judge**</u>.  Joseph Vars, It's My License, Inc., Amy Vars and Michael Vars (the Varses) appeal the summary judgment dismissing their 42 U.S.C. § 1983 action against Laura Citrin, et al., for due process violations in connection with the termination of a liquor license in which they held a security interest.  Because the license expired by its terms, the Varses ceased to have a protectable property interest.  We therefore affirm.

The Varses owned and operated a restaurant and pub in Newport, Rhode Island, which held a Class BV Alcoholic Beverage Retailer's Permit.  In 1999, they sold the business and equipment, leased the premises, and transferred the liquor license to Jake & Ella's Corp.  As security for the unpaid balance due on the sale, the Varses obtained a security agreement and an assignment of rights in the liquor license, along with a power of attorney.  They filed a UCC lien with the Secretary of State.

The first episode underlying the Varses' due process claim arose out of proceedings to revoke the license.  In January 2001, the Board of License Commissioners, following an evidentiary hearing on police citations for after-hours drinking and disorderly conduct, ordered the license revoked.  The Department of Business Regulation affirmed the revocation.  On appeal, the Superior Court vacated the sanction imposed and remanded, and the license was reinstated in April 2002.

The Varses make a vague claim that they were "denied the contractual agreement" with the licensees and suffered damages. However that may be, in this action they have failed to show a due process violation inasmuch as they had been accorded full process in these proceedings.

The second episode arose out of the expiration of the license. The Varses' security interest was in a Class BV Permit which remains valid for only one year, expiring on December 1 of each year, in this case on December 1, 2002. R.I. Gen. Laws § 3-5-8 (2005). At the Varses' request, the Newport City Clerk forwarded an application for renewal to the Varses' counsel on December 20, 2002. But neither the Varses nor Jake & Ella's applied for renewal. Varses' counsel, aware of a January 8, 2003 City Council meeting at which the now unattached license faced retirement, faxed a letter to the Clerk on January 7, 2003. The letter described efforts to renew Jake & Ella's corporate charter (revoked in 2001 for failure to pay corporate taxes) and asserted that as soon as the Department of Taxation issued a letter of good standing, counsel would attempt to renew the liquor license. The letter asked that the Clerk read it into the City Council meeting's record, which was not done. After discussion the Council passed an ordinance reducing the number of available permits from 59 to 58.

Rhode Island courts have recognized that a liquor license, though not property in the traditional sense, is valuable

and the holder of such a license enjoys some protection.  Beacon Rest., Inc. v. Adamo, 241 A.2d 291, 294 (R.I. 1968); Vitterito v. Sportsman's Lodge & Rest., 228 A.2d 119, 122-23 (R.I. 1967).  The liquor business, however, is subject to the police power which permits the government to restrict sale or prohibit it entirely.  Vitterito, 228 A.2d at 122.  Rhode Island law limits the term of the liquor license to one year.  The Varses' interest, moreover, was derivative of that of Jake & Ella's who held the license.

While the Varses had a protectable interest during the pendency of the 2001 revocation process, they had none when the City Council reduced the number of liquor licenses.  At the time of the Council meeting, almost two months after the license had expired and with no application for renewal having been filed, the Varses were without a right or interest on which to base a due process claim.

**Affirmed**.