JOSEPH CESARONI *vs.* GEORGE E. O'DOWD, *Liquor Control Administrator.*

FEBRUARY 21, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is a petition for certiorari to review the action of the state liquor control administrator in suspending the petitioner's class B liquor license in the city of Woonsocket for ten days. We issued the writ and ordered the suspension stayed until the return day thereof, at which time the respondent had leave to show cause why the stay should be dissolved. No cause being shown the stay was continued in effect until further order of the court.

The administrator's order of suspension was issued after a hearing, as a result of which he found that on March 24, 1961 intoxicants had been sold to a minor, Normand J. Slobogan, on the licensed premises in violation of G. L. 1956, §3-5-23. The petitioner contends that such order is illegal and void and should be quashed because there was no evidence that intoxicants were sold or suffered to be sold to a minor in violation of G. L. 1956, §3-8-5, and no evidence that petitioner authorized, directed, or ratified such a sale; and also that a statute which imposes criminal liability for the acts of others violates the due process clause of sec. 1 of the fourteenth amendment to the federal constitution and art. I, sec. 10, of the state constitution; that any presumption to such effect would deprive petitioner of liberty

without due process of law; and that for respondent to assume that such a presumption existed would require petitioner to testify to rebut such assumption in violation of rights guaranteed by art. I, secs. 13 and 14, of the state constitution.

From our examination of the return we are at a loss to understand the pertinency of most of the above issues to the subject matter which was before the administrator for his determination. The liquor licensing board of Woonsocket found that a provision of the law under which the license was issued had been violated and ordered a suspension of petitioner's license. He appealed from such order to the liquor control administrator and a hearing de novo of the charge was held by him.

Neither such hearing nor the one before the local board was in any sense a criminal proceeding. It was not even a proceeding in personam but rather in the nature of a proceeding in rem. The question at issue was whether a specific statutory condition under which the liquor license was issued had been violated, that condition being that no beverage shall be sold, suffer to be sold or delivered to a minor on the licensed premises. No question of the personal liberty of the licensee was in any way involved and therefore the constitutional guarantees of personal liberty could not have been violated. In other words the inquiry before the local board and the later appeal before the liquor control administrator were exclusively civil proceedings.

The only question for this court to determine is whether there was any legal evidence to support the charge upon which the suspension order was based. As is well known, on certiorari we do not weigh the evidence or pass upon the credibility of the witnesses. If there is some legal evidence upon which the administrator could base his decision we will not disturb it. In other words his decision may be quashed only for errors of law appearing on the record. The absence of any legal evidence is such an error. The

record here discloses evidence that Normand J. Slobogan, a minor, was served liquor on the premises. Whether the probative force of such evidence was weak or strong or whether it was direct or circumstantial we do not consider. We therefore perceive no valid reason for quashing the administrator's decision.

The petition for certiorari is denied and dismissed, the pending stay of the order of suspension is dissolved, the writ heretofore issued is quashed, and the records and papers certified to this court are ordered sent back to the administrator with our decision endorsed thereon.

*Grande and Grande, Aram K. Berberian,* for petitioner.

*J. Joseph Nugent,* Attorney General, *John R. Cosentino,* Special Counsel for State, for respondent.