S. ROBERT HOBDAY, JR. *vs.* GEORGE E. O'DOWD, *Liquor Control Adm'r, et al.*

MARCH 26, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This petition for certiorari was brought to review the action of the state liquor control administrator denying and dismissing the petitioner's appeal from a deci-

sion of the board of license commissioners of the town of North Kingstown denying the petitioner's application for the issuance of a class A retail liquor license. Pursuant to the writ the respondent administrator has made a return to this court of the records pertinent to this cause.

It appears therefrom that petitioner on October 7, 1960 applied to the town council for the issuance of a class A license for premises located on the Post Road in the town of North Kingstown. After a hearing on this application the town council, acting as a board of license commissioners, adopted a resolution denying the application, the resolution reading as follows: "At the November 28, 1960 Town Council meeting it was Voted to deny the following Liquor Applications, as the Town is adequately served and no new licenses are required at the present date: Class A S. Robert Hobday, Jr. Maxwell Drive, North Kingstown * * *." The petitioner appealed therefrom to the state administrator, who after a hearing denied and dismissed the appeal.

The number of retail liquor licenses that may lawfully issue is regulated by G. L. 1956, §3-5-16, wherein provision is made authorizing local licensing boards to fix the maximum number of any class of such licenses that shall issue in that particular municipality. This section of the statute also contains provisions which limit the number of class A and class C licenses that may be issued by a local licensing board on the basis of the population of a particular community as established by the last federal or state census. It is not disputed that in view of the statutory limitation relating to the number of class A licenses that may issue to the population of the town no more than three such class A licenses could have lawfully been issued in the town of North Kingstown prior to 1960.

The contention of petitioner is that the population of the town as established by the 1960 federal census is such that the council has authority to issue a fourth class A license, and it is for such license that his application was

made. It appears that the respondent administrator found that on the basis of evidence submitted at the hearing before him on the appeal there had been an increase in the population of the town of North Kingstown sufficient to authorize the local board to issue a fourth class A license.

A board vested by the legislature with authority to issue liquor licenses, when it is acting within the jurisdiction conferred, has a broad discretion to determine whether applications for licenses will be granted or denied, and this court is without authority to interfere in an exercise of that discretion. *Board of Police Comm'rs v. Reynolds,* 86 R. I. 172; *Dexter v. Town Council,* 17 R. I. 222. In the present state of the law concerned with the regulation of the liquor industry, the state liquor control administrator has jurisdiction to hear and determine appeals taken by persons aggrieved by the decisions of local boards and in acting thereon has the same broad discretion to grant or refuse such applications as have the local boards. Our review of a decision made by the liquor control administrator is confined strictly to questions of law. *Messier v. Daneker,* 81 R. I. 243.

The petitioner argues that error of law inheres in the decision of the local board in that it denied his application on the ground that "the Town is adequately served and no new licenses are required at the present date * * *." The petitioner asserts that this was tantamount to an attempt on the part of the local board to illegally limit the number of class A licenses to be issued in North Kingstown without formally adopting any rule or regulation prescribing the maximum number of such licenses that could be issued in the town pursuant to the provisions of G. L. 1956, §3-5-16. It is clear from the record that the administrator in dismissing the appeal of petitioner did so on the basis of affirming this decision of the local board.

The petitioner's reference is to that provision of §3-5-16 which, in conferring upon the department of business regu-

lation the power to limit the number of liquor licenses of each class to be authorized, provides that the limits so fixed "shall not exceed the maximum number, if any, of any class of license that is fixed by the licensing boards within their respective towns or cities * * *." As petitioner argues, a local licensing board purporting to exercise this statutory power prescribing the maximum number of licenses of any class that may issue in its community must do so by adopting some rule or regulation establishing that maximum number. Ordinarily the burden is on the local board to establish that it had actually prescribed by rule or regulation such a maximum number of licenses. *Board of Police Comm'rs* v. *Reynolds, supra; Beachwood Inc.* v. *Liquor Control Adm'r,* 84 R. I. 130. In *Tedford* v. *Reynolds,* 87 R. I. 335, this court said at page 344: "Compliance with the pertinent statute requires the adoption by a formal vote by the board of a rule or regulation fixing specifically the maximum number of licenses of each particular class which it contemplates limiting."

The petitioner in urging error relies in substantial measure on both *Board of Police Comm'rs* v. *Reynolds* and *Tedford* v. *Reynolds, supra.* It is to be noted, however, that in each of these cases this court was reviewing the action of the administrator in ordering a local board to issue a license pursuant to an application that had been denied by such board. The board in each case rested its denial on an assertion that if the application were granted, the total number of such licenses of that class would be in excess of the maximum number of that particular class of licenses that the board had fixed for issuance within the town. This court held that the administrator had not exceeded his jurisdiction when, on hearing de novo, he ordered the local board to issue the licenses because it had not been shown on the record that the maximum number so issuable had been prescribed in the manner contemplated by the statutory provision.

We are unable to agree, however, that in denying petitioner's application in the instant case the board was thereby attempting to prescribe the maximum number of class A licenses that could be issued within the town. Conceding that the language used by the board might be considered as fixing such a limitation on class A licenses by implication without the adoption of a regulation, such an interpretation, in our opinion, is lacking in reasonableness. The inference to be drawn from the reason stated by the board for denying the application here is that petitioner had not shown that the necessity and convenience of the residents of the town warranted the establishment of another retail liquor outlet under a class A license. Such decision, in our opinion, was within the discretion of the board.

When we review the action of a local licensing board on certiorari, this court will examine the evidence not for the purpose of weighing it or passing upon credibility but only to ascertain whether there is any legal evidence that supports the ruling. In other words, we review such actions of licensing boards only on the question of whether there has been an abuse of the discretion vested in the board. *Castle, 19 Greenough Place, Inc.* v. *Mayor and Board of Aldermen,* 63 R. I. 493.

It appears from the record here that three retail package stores are operating within the town and that there is available to naval personnel, who constitute a substantial segment of the residents of the town, packaged liquor at retail within the confines of a naval installation. It is our view then that there is evidence in the record which supports the decision of the board as it relates to the adequacy of the number of retail liquor outlets in the town. In our opinion the decision of the board was not arbitrary and did not constitute an abuse of discretion. In these circumstances the action of the liquor control administrator in affirming that decision after a hearing de novo on the ap-

plication did not constitute an abuse of discretion and will not be disturbed by this court.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records which have been certified to this court are ordered returned to the respondent with our decision endorsed thereon.

*William J. McGair,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Joseph L. Breen,* Chief Special Counsel, for respondent.

*John B. Kelaghan,* Town Solicitor, for Town of North Kingstown.