BOARD OF LICENSE COMMISSIONERS OF THE TOWN OF NARRAGANSETT *vs.* GEORGE E. O'DOWD, *Liquor Control Adm'r.*

APRIL 12, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is a petition for certiorari brought to quash the decision of the liquor control administrator directing the petitioners to grant and issue a class B victualer retail limited beverage license. We issued the writ and in compliance therewith the record compiled before the administrator was duly certified to this court. Thereafter, on the petitioners' motion and by agreement of the parties, the record was supplemented by the addition of certified copies of votes of the town council of the town of Narragansett establishing a limit on class B alcohol beverage licenses.

The record before us discloses that on April 16, 1951 a public hearing was held on the question of increasing the limitation on class B liquor licenses in the town of Narragansett from 19 to 20. At the conclusion of the hearing the town council voted to establish a limit of 20. Thereafter on February 16, 1953 the town council voted to retain a limit of 20 and on September 19, 1960 again refused to increase such limit.

It further appears that on November 25, 1960, at which time the annual renewal of licenses was considered, the application of the Junior Realty Company for renewal of its class B tavern alcoholic beverage license was continued indefinitely. The result of such action was to reduce the total number of outstanding class B licenses by one less than the total permitted under the limitation which had been established.

The record further discloses that sometime thereafter but prior to March 23, 1961, when the first of the three public notices was advertised pursuant to G. L. 1956, §3-5-17, four more applications were received for class B licenses. They were duly advertised for hearing on April 10, 1961. Prior to the hearing, namely on April 3, 1961, the town council voted to increase the limit to 23. It would appear that the total number of applications which might then be granted under the limitation was four.

On April 10, 1961 the town council in its capacity as the alcoholic beverage licensing board granted the application of the Junior Realty Company for renewal of its license as aforesaid, thus raising to 20 the number of class B licenses outstanding. The minutes further disclose that the board then proceeded to act upon the other four applications and to hear the remonstrants who appeared in objection thereto.

After a recess during which the board met in executive session, the public hearing was reconvened at which time it was voted to increase the limit from 23 to 24. The board then granted the application of Herman D. White and denied the other three.

Among those denied was that of Joseph M. Sylvester for a limited class B victualing license. Mr. Sylvester, who operates a restaurant known as "The Ram," thereupon appealed to the liquor control administrator pursuant to G. L. 1956, §3-7-21. At a hearing held thereon testimony was received from John A. Mulligan, town clerk, councilman Thomas J. Sullivan representing the town council, petitioners herein, and Joseph G. Mulligan, a remonstrant who operates a taxicab service in the town of Narragansett. He was the sole remonstrant to appear at the April 10 meeting in opposition to the Sylvester application. He testified that his taxicab service station was located immediately across the public way from the premises proposed to be licensed; that he had observed disturbances at said premises in the past; that he feared the granting of the license would adversely affect his property; and that he joined with other remonstrants to the granting of any additional liquor licenses. It developed, however, that he had never previously complained about disturbances at "The Ram" and that his wife and not he was the owner of the property which he represented.

Councilman Sullivan testified as to the reasons which prompted the denial of the Sylvester application. He stated, "During some of the questioning, Mr. Sylvester said

that he sought this license so as to be able to sell his property. We felt that there was sufficient licenses within that area and also a resident who lives across the street objected to it."

Town clerk Mulligan testified that no specific objection in writing had been received relative to the Sylvester application, although he referred to the oral objections made by the remonstrant Joseph G. Mulligan. He added that the latter's property did not constitute more than half of the property within a radius of 200 feet of the Sylvester premises.

The applicant Sylvester testified that his restaurant had been in operation since 1954; that it could seat 38 persons; that the sanitary facilities had been approved; and that although he had previously attempted to sell the premises they were no longer for sale. On cross-examination he was specifically asked if he had not informed the town council that he intended to sell the restaurant if a license were granted. He replied, "No. I mention that but I say that the place be for sale one year and I don't have nobody, but I have a couple from Providence willing to buy if I have a license there. No question I want to sell it."

It further appears from the record that at the hearing before the board on April 10, 1961, a number of remonstrants were present and some nine written remonstrances were also received. They objected generally to the granting of any additional licenses.

The administrator found that on all of the evidence the board appeared to apply no standard in passing on the several applications, arbitrarily granting the White application while denying the Sylvester application without any special circumstances to justify their discrimination. He granted Sylvester's appeal and ordered the board "at its earliest convenience to grant and issue a Class B victualer retail Limited beverage license to Joseph M. Sylvester for his

place of business on the southerly side of Yost Avenue on Lot #442B on Tax Assessor's Plat C."

The petitioners contend that the administrator erred as a matter of law for the reasons that the town council had established a maximum of 24 class B beverage licenses which had been reached at the time the Sylvester application was denied. They rely on the provisions of G. L. 1956, §3-5-16, as amended, which authorize the liquor control administrator to establish a maximum limit but prohibit him from exceeding the maximum already established by local authority.

We agree that if as a matter of fact the total number of class B licenses established by the town council as the maximum number to be issued had been reached at the time the Sylvester application was denied, the administrator would have been without jurisdiction in the instant appeal. Such, however, is not the fact.

It clearly appears from the record that on April 3, 1961 the town council raised the limitation on class B licenses from 20 to 23. The record does not disclose that any application was considered or granted until the April 10, 1961 hearing on four applications, including Sylvester's. The only inference which can be drawn therefrom is that three of the four applications could have been favorably considered by the board without exceeding the maximum previously fixed.

Although the record also establishes that the maximum was increased to 24 at the April 10 hearing immediately prior to the action taken on the pending applications, we deem it advisable to ignore this latter amendment since it was made on the same day the applications were considered. The question of whether raising an established maximum in such circumstances would be valid is not before us, but it is proper to note in passing that such a practice is highly questionable. In any event, on the record before us the

maximum established by the town council was not exceeded by the administrator. The petitioners' contention in this regard is without merit.

The petitioners further contend that the decision of the administrator is not supported by the facts. We have previously held that the granting of a liquor license by the local authority, or on an appeal heard de novo by the administrator, is a matter of discretion and this court has no control over the decision. *Board of Police Comm'rs* v. *Reynolds*, 86 R. I. 172. We also held therein that although in the exercise of our discretion this court might review the administrator's decision by way of certiorari, such review would be limited to questions of law.

The petitioners appear to urge that, since the facts disclosed that there were already six class B licensees within a radius of 2,000 feet, that the local board considered an additional license in the area unnecessary, and that applicant Sylvester had indicated he desired to sell his property, the administrator chose to ignore the decision of the local board and granted Sylvester's appeal out of hand. Such may well be the case, but these facts raise no question of law and the decision of the administrator thereon is final. *Tedford* v. *Reynolds*, 87 R. I. 335. This contention is likewise without merit.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the record certified to this court is ordered returned to the respondent with our decision endorsed thereon.

*Domenic A. DiSandro, Jr.,* Town Solicitor, for Town of Narragansett, for petitioners.

*J. Joseph Nugent,* Attorney General, *Joseph L. Breen,* Chief Special Counsel, for State, for respondent.