284 A.2d 61.
CHERNOV ENTERPRISES, INC. *vs.* DEEB G. SARKAS,
*Liquor Control Administrator*

DECEMBER 3, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This petition for certiorari was filed under the Administrative Procedures Act. The petitioner is Chernov Enterprises, Inc., a Rhode Island corporation and the operator of a restaurant and nightclub known as "The Warehouse." It asks us to review a Superior Court judgment affirming a decision of the State Liquor Control

Administrator. The administrator, in turn, had confirmed an order in which the Bureau of Licenses of the City of Providence refused to renew the petitioner's Class B liquor retail license.

Within the time provided by law, petitioner applied to the bureau of licenses for a renewal of its Class B liquor license. Due notice of its application was given, and while no remonstrants appeared at the scheduled hearing to challenge the application, the bureau, acting on its own motion, ordered petitioner to appear and show cause why its application should be renewed. The show cause hearing was originally scheduled for November 28, 1969, but was postponed upon petitioner's request. It was held on December 5, and petitioner's application was denied. The bureau based its decision upon findings that (1) petitioner had violated the Sunday entertainment laws; and (2) that its president had suborned perjury by requesting two minors who had been served beer at "The Warehouse" to attest in writing and to testify that they were over 21 years of age when they were served. Following approval of that decision first by the liquor control administrator after a de novo hearing, and then by a Superior Court justice sitting without a jury, petitioner moved for leave to file a petition for certiorari and we ordered the writ to issue. *Chernov Enterprises, Inc.* v. *Sarkas, Liquor Control Administrator,* 108 R. I. 922, 274 A.2d 906 (1971).

The petitioner advances several arguments in aid of its claim for relief. The first, as we understand it, is that the bureau's failure to act on its application prior to December 1, 1969[1] had the twofold effect of depriving the bureau of jurisdiction to act thereon at a later date, and of auto-

---

[1] General Laws 1956, §3-5-8 provides that "every license except retailers' class F licenses and retailers' class G licenses shall expire on December 1 next after its issuance."

matically renewing its license for another year. In support of that argument, petitioner points to section 14(b) of the Administrative Procedures Act.[2] Even were we to assume that a local licensing authority like the bureau is an "agency"[3] within the contemplation of section 14(b), the petitioner's argument would still be completely untenable. A cursory reading of section 14(b) makes this abundantly clear. It presupposes that there will be occasions where an "agency" will not act prior to the normal expiration date of a license, and it provides for that contingency by extending the life of the license, not for another year as petitioner argues, but until the last date provided by law for seeking review of the "agency's" post-expiration date action. Applying these principles to this case would have resulted in the life of petitioner's license being prolonged until December 15, 1969 or March 12, 1970.[4] Having reached this conclusion, we find it unnecessary to consider the several contentions petitioner premises

---

[2]General Laws 1956 (1969 Reenactment) §42-35-14(b) provides:
"Whenever a licensee has made timely and sufficient application for the renewal of a license or a new license with reference to any activity of a continuing nature, the existing license does not expire until the application has been finally determined by the agency, and, in case the application is denied or the terms of the new license limited, until the last day for seeking review of the agency order or a later date fixed by order of the reviewing court."

[3]General Laws 1956 (1969 Reenactment) §42-35-1(a) defines an "agency" as including "each state board, commission, department, or officer, other than the legislature or the courts, authorized by law to make rules or to determine contested cases * * *."

[4]In *Vitterito* v. *Sportsman's Lodge*, 102 R. I. 72, 228 A.2d 119 (1967) it was decided that an appeal from a denial of a renewal by a local licensing authority falls within the purview of G. L. 1956, §3-7-21. That section provides, in pertinent part, that an application to review a local board's decision "shall be made within ten (10) days after the making of the decision or order sought to be reviewed * * *." Appeals from the administrator's decision, which in this case was rendered on February 10, 1970, are required to be taken within 30 days. General Laws 1956 (1969 Reenactment) §42-35-15(b).

on the assumption that its license was renewed by operation of law for another year.

We turn now to the record of the administrative proceedings in order to determine whether the Superior Court properly exercised its limited jurisdiction under the Administrative Procedures Act when it affirmed the administrator's decision. In the absence of any contention that petitioner has been denied procedural due process, our starting point is G. L. 1956, §3-7-6, as amended by P. L. 1961, chap. 164, sec. 1. It provides that an application for the renewal of a Class A, B, or C license may be rejected, but only for *cause.* In establishing *cause* as the controlling standard, the Legislature obviously did not intend to confer upon the licensing authority a limitless control or to permit the exercise of an unbridled discretion. The petitioner argues that the Legislature intended to circumscribe the power to review by restricting its scope to breaches or violations of those conditions, rules or regulations which under §§3-5-21 and 3-5-23 qualify as grounds for revoking or suspending a license. We cannot agree. If that had been the Legislature's intention, it would have said so. Instead, it used only the phrase "for cause." In construing other legislation where that term has been used to delineate controlling guidelines for administrative action, we have said that a *cause,* to justify action, must be *legally sufficient,* that is to say, it must be bottomed upon substantial grounds and be established by legally competent evidence. *Davis* v. *Cousineau,* 97 R. I. 85, 90, 196 A.2d 153, 156 (1963); *Aniello* v. *Marcello,* 91 R. I. 198, 207, 162 A.2d 270, 274 (1960); *Narragansett Racing Association, Inc.* v. *Kiernan,* 59 R. I. 79, 83, 194 A. 49, 51 (1937). We see no reason why the word "cause" as used in §3-7-6 should be construed differently.

Ours is now the responsibility of passing on the legal sufficiency of the *cause* relied upon as the basis for action

in this case. In discharging that responsibility we examined the record, not to determine whether the evidence was strong or weak, direct or circumstantial, or to pass on credibility, but only to ascertain whether the action being reviewed was so arbitrary or capricious as to constitute an abuse of discretion, whether there was any legal evidence to support it, and whether the licensing proceeding was otherwise affected by an error of law. *Hobday* v. *O'Dowd*, 94 R. I. 172, 176, 179 A.2d 319, 322 (1962); *Board of License Commissioners* v. *O'Dowd*, 94 R. I. 243, 248, 179 A.2d 579, 582 (1962).

In this case, petitioner does not contend that it would have been an abuse of discretion to reject its application upon proper proof that it was convicted of violating the Sunday entertainment laws or that its president had been found guilty of suborning the perjury of the two minors who were served beer at "The Warehouse." Instead, it argues that to deny renewal on the ground that its president had allegedly suborned perjury was fundamentally unfair and unjust because it subjected that officer to the possibility of twice being prosecuted for the same act, and impinged on his constitutional rights to a trial by jury and to the presumption of innocence.

Even were we to agree that petitioner could, in these proceedings, assert its president's constitutional safeguards, its argument could not prevail. It completely ignores the established principle that a proceeding under the laws regulating the sale of alcoholic beverages is entirely separate and distinct from a criminal prosecution for the same offense, and that the two proceedings, rather than being interdependent or mutually exclusive, are co-existent. While one is in the nature of an action in rem, the other is against a licensee personally. Both may be instituted and pursued simultaneously or otherwise. *Cesaroni* v. *Smith*, 98 R. I. 377, 202 A.2d 292 (1964); *Cesaroni*

v. *O'Dowd,* 94 R. I. 66, 177 A.2d 777 (1962); *Di Traglia* v. *Daneker,* 83 R. I. 227, 115 A.2d 345 (1955).

Finally, in a supplementary brief filed on the day before argument, petitioner advances several contentions. Some are of constitutional proportions. Its nonconstitutional arguments have already been considered and rejected. The constitutional issues it raises are susceptible to rejection on several grounds. One is that constitutional questions not specifically stated in the petition for certiorari cannot later be raised in argument. *Brown* v. *Waldman,* 93 R. I. 489, 494, 177 A.2d 179, 182 (1962). *See Henry* v. *Thomas,* 100 R. I. 564, 568, 217 A.2d 668, 671 (1966). That ground suffices here.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed and the papers heretofore certified to this court are ordered returned to the Superior Court with our decision endorsed thereon.

*Seth K. Gifford, Stephen J. Fortunato, Jr.,* for petitioner.

*Richard J. Israel,* Attorney General, *Alexander G. Teitz,* Special Asst. Attorney General, for respondent.