343 A.2d 1.

EVELYN M. MATHIEU *vs.* BOARD OF LICENSE COMMISSIONERS TOWN OF JAMESTOWN.

AUGUST 4, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This is a petition for certiorari filed under the provisions of the Administrative Procedures Act. The petitioner, the holder of a Class BV Retail Liquor License for the premises known as the Harbor Lights Cafe in the town of Jamestown, seeks review of a Superior Court judgment affirming a decision of the State Liquor Control Administrator which in turn had affirmed the denial by the Jamestown Town Council of the petitioner's application for renewal of her Class BV Retail Liquor License.

The record indicates that petitioner applied to the Jamestown Town Council, sitting in its capacity as the Board of License Commissioners of the Town of Jamestown, for a renewal of her Class BV Retail Liquor License. By a letter dated November 15, 1973, the peti-

tioner was notified by the town clerk that a complaint had been filed against the licensed premises by the chief of police. The complaint alleged that the premises had been allowed to become disorderly, causing annoyance to persons residing in the neighborhood. The letter further stated that the complaint was to be heard and considered together with petitioner's application for a renewal of her liquor license.

A public hearing was held on November 26, 1973, at which time the town council duly considered the complaint and the application for renewal. At the public hearing, sworn testimony was presented which alleged a lack of supervision on the licensed premises and which further alleged that conduct, described as disorderly, had occurred both inside and outside the licensed premises. The town council found that petitioner had failed to maintain effective and affirmative supervision of the licensed premises and thereby had permited the premises to become disorderly resulting in offense to the sensibilities of the neighborhood. On these findings the town council denied petitioner's application for the renewal of her liquor license.

Pursuant to the provisions of G. L. 1956, §3-7-21, petitioner appealed this decision of the town council to the state Liquor Control Administrator. At the hearing before the administrator, further evidence was presented that conduct described as disorderly had occurred both inside and outside the licensed premises.

On the evidence presented, the administrator found that the disorderly conduct of the patrons both inside and outside the premises was annoying and disturbing to the neighborhood and was a cause of concern for the health and safety of the police and the neighbors. He also found that petitioner had failed to keep order on the premises and had allowed troublemakers to patronize the licensed

premises. He concluded that the town council had cause to deny petitioner's application for renewal and therefore affirmed its denial of petitioner's application for renewal of her liquor license.

The petitioner appealed the decision of the administrator to the Superior Court as provided in G. L. 1956 (1969 Reenactment) §42-35-15 of the Administrative Procedures Act. After a Superior Court justice, sitting without a jury, entered a judgment affirming the decison of the administrator denying the application for renewal of the liquor license for the Harbor Lights Cafe, petitioner filed a petition for certiorari to this court. On June 27, 1974, we ordered the writ issued.

On appeal, petitioner raises two issues as a basis for relief. She first argues, as she did in Superior Court, that §3-5-23,[1] which is concerned with the suspension or revocation of liquor licenses but not with their renewal, is both vague and overbroad and therefore unconstitutional.

The record indicates that at the time of the hearing before the town council, a complaint had been filed by the chief of police against the licensed premises which

---

[1] General Laws 1956, §3-5-23 reads in pertinent part as follows:

"If any licensed person shall permit the house or place where he is licensed to sell beverages under the provisions of this title to become disorderly so as to annoy and disturb the persons inhabiting or residing in the neighborhood thereof, or shall permit any gambling or unlawful gaming to be carried on therein, or shall permit any of the laws of this state to be violated therein, in addition to any punishment, penalty or penalties which may be prescribed by statute for such offense, he may be summoned before the board, body or official which issued his license or before the liquor control administrator when he and the witnesses for and against him may be heard; and if it shall be made to appear to the satisfaction of the board, body or official hearing such charges that he has violated any of the provisions of this title or has permitted to be done any of the things hereinbefore in this section mentioned, then said board, body or official may suspend or revoke his license or enter other order thereon."

alleged a violation of §3-5-23 for which the license could have been suspended or revoked. This complaint was heard together with petitioner's application for her license renewal. The council, however, acted only on the application for the renewal, and it is to the denial of the application for renewal that an appeal was taken to the Liquor Control Administrator and the Superior Court.

While there may be some merit in petitioner's argument that §3-5-23 is unconstitutional, we will consider such a contention only where determination of such an issue is dispositive of the case before us. Here, in our opinion, the controlling statute is §3-7-6,[2] as amended by P. L. 1961, ch. 164, §1, which sets forth the procedure for the renewal of liquor licenses. We therefore decline to consider the constitutionality of §3-5-23.

There remains petitioner's contention that the record contains no evidence on which the administrator and the Superior Court could base findings that petitioner permitted disorderly conduct to occur on the premises and that this conduct had caused a disturbance of the neighborhood.

An application for renewal of a liquor license may be rejected or denied for cause under the provisions of §3-7-6 as long as the rejection or denial is based on substantial grounds and established by legally competent evidence.

---

[2]General Laws 1956, §3-7-6 as amended by P. L. 1961, ch. 164, §1 reads as follows:

"The holder of a license of class A or class B or class C who applies before November 15th in any licensing period for a license of the same class for the next succeeding licensing period shall be prima facie entitled to renewal thereof to the extent that the same are issuable under §3-5-16. Any such application may, however, be rejected for cause, subject to appeal as provided in §3-7-21. A person whose application has been so rejected by the local licensing authorities shall for the purpose of license quotas under §3-5-16 be deemed to have been granted such a license until the period for such an appeal has expired or until his appeal has been dismissed."

*Chernov Enterprises, Inc.* v. *Sarkas,* 109 R. I. 283, 284 A.2d 61 (1971). It becomes our responsibility to pass on the legal sufficiency of the cause relied on by the administrator and the Superior Court for the action in rejecting or denying the application for renewal. Our duty is not to weigh the evidence or to pass on the credibility of witnesses, but to examine the record to determine whether there is any legal, competent evidence to support the action being reviewed. *Hamaker* v. *Gagnon,* 110 R. I. 709, 297 A.2d 351 (1972); *Chernov Enterprises, Inc.* v. *Sarkas, supra.*

The petitioner concedes that fistfights with attendant injuries occurred inside the licensed premises. She also concedes that the patrons of the licensed premises congregated on the sidewalk and that police were required to disperse them. Likewise, she admits that there were bottle-throwing incidents in the parking ground outside the building. She argues, however, that there is no evidence that she knew of such incidents prior to their occurrence or that she approved or condoned such conduct.

It appears from the record that the police had notified petitioner's employees of such incidents and had warned that failure to control such conduct could result in action being taken against the license. Moreover, we are of the opinion that the evidence adduced warrants the inference that petitioner was aware of the problems occurring on the licensed premises but was either unwilling or unable to do anything about them.

Even if this were not the state of the record, petitioner's argument must fail, as it is the responsibility of a liquor license holder to supervise the operation of a business carried on pursuant to his license in order that the laws and regulations to which his license is subject are not violated. Onerous though this burden may be, it is within the police power of the Legislature to impose it.

*Therault* v. *O'Dowd,* 101 R. I. 395, 223 A.2d 841 (1966); *Scialo* v. *Smith,* 99 R. I. 738, 210 A.2d 595 (1965).

We conclude, therefore, that the petitioner's argument is without merit. Moreover, we are satisfied that there is sufficient evidence in the record to support the findings of the administrator and the Superior Court.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the papers certified to this court are ordered returned to the Superior Court with our decision endorsed thereon.

Petition to reague denied.

*Berberian & Tanenbaum, Aram K. Berberian,* for petitioner.

*Richard J. Israel,* Attorney General, *George H. Egan,* Special Asst. Attorney General, for respondent.