373 A.2d 169.

MANUAL J. FURTADO, INC. *d/b/a The Helm vs.* DEEB G. SARKAS, *Liquor Control Administrator.*

MAY 12, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

220

BEVILACQUA, C. J. This petition for certiorari was filed pursuant to the Administrative Procedures Act [G.L. 1956 (1969 Reenactment) §42-35-16]. The petitioner, holder of a Class B Alcoholic Beverage License for the premises known as "The Helm" in the Town of Tiverton, seeks review of a Superior Court judgment affirming a decision of the State Liquor Control Administrator. The administrator, in turn, had affirmed the denial by the Tiverton Town Council of a renewal of the petitioner's beverage license.

The record indicates that on November 28, 1973, petitioner received a notice to appear before the Tiverton Town Council, sitting as the Liquor Licensing Board. The letter requested petitioner to show cause why its Class B Liquor License should be renewed or should not be revoked for alleged disorderliness and violations of law.

At the hearing conducted by the town council, attention was focused on events which occurred on October 24, 26, 27 and November 2, 1973, at or near the licensed premises. Tiverton police officers testified that they were called to The Helm at closing time on October 24, 1973, and that when they arrived a large crowd was coming out of the premises, three shots were fired outside, and a young woman was wounded in the leg. Officer Paul J. Bento testified, over petitioner's objection, that on October 26 he was called by a neighbor reporting a fight in progress outside The Helm. When he arrived there was blood all over the sidewalk but only one person outside. He testified that the next night, October 27, he arrived at The Helm to find a large fight outside, with one person bleeding badly as a result of a blow with a baseball bat. The police

arrested seven persons who came out of the establishment bearing baseball bats.

Tiverton police also testified over objection that on November 2, pursuant to a search warrant issued for The Helm, 289 State Street, they conducted a search of the establishment and its patrons. They found some weapons, needles and syringes on the floor. In the connecting cellar of 287 State Street, petitioner's adjoining residence, the police found a quantity of untaxed cigarettes.

The town council voted to deny the renewal of petitioner's license for continued operation of the licensed premises in a disorderly manner and for violation of state laws. Pursuant to the provisions of G.L. 1956 (1976 Reenactment) §3-7-21, petitioner appealed that decision to the state Liquor Control Administrator. At the hearing before the administrator, the certified transcript of the town council hearing was made a part of the appeal record, and testimony substantially similar to that at the earlier hearing was presented by the town and by petitioner.

On the evidence presented, the administrator found that the licensed premises had become disorderly and disturbing to the neighborhood and that the licensee had failed in its duty to keep the premises operating in an orderly manner as required by law. He further found that petitioner had on the premises untaxed cigarettes in violation of the state law requiring taxes to be paid.[1] The admini-

---

[1]General Laws 1956 (1970 Reenactment) §44-20-13 imposes a tax upon the storage or use of cigarettes in packages which do not bear tax stamps in the possession of any person other than a licensed distributor or dealer. Under §40-20-17, one who fails to pay the required tax is guilty of a misdemeanor.

strator affirmed the town council's denial of the renewal of petitioner's license under §3-5-23.[2]

The petitioner appealed the decision of the administrator to the Superior Court pursuant to §42-35-15 of the Administrative Procedures Act. The Superior Court justice entered a judgment affirming the administrator's decision. The petitioner then filed a petition for certiorari to this court, and we ordered the writ issued. The issue before this court is whether there is any competent evidence to support the findings of the Superior Court.

The petitioner raises several arguments in support of its basic contention that the record neither establishes that it allowed the premises to become disorderly in violation of §3-5-23, nor that it permitted violations of state law in contravention of the same section. The petitioner argues that there was no testimony as to any disorderly conduct within the premises and further argues that there was no competent evidence that any neighbors were disturbed by conduct within or without. In addition, it characterizes the testimony of a police officer that a neighbor

---

[2] G.L. 1956 (1976 Reenactment) §3-5-23 reads in pertinent part as follows:

"If any licensed person shall permit the house or place where he is licensed to sell beverages under the provisions of this title to become disorderly so as to annoy and disturb the persons inhabiting or residing in the neighborhood thereof or shall permit any gambling or unlawful gaming to be carried on therein, or shall permit any of the laws of this state to be violated therein, in addition to any punishment, penalty or penalties which may be prescribed by statute for such offense, he may be summoned before the board, body or official which issued his license or before the liquor control administrator when he and the witnesses for and against him may be heard; and if it shall be made to appear to the satisfaction of the board, body or official hearing such charges that he has violated any of the provisions of this title or has permitted to be done any of the things hereinbefore in this section mentioned, then said board, body or official may suspend or revoke his license or enter other order thereon."

called to report a fight outside The Helm as incompetent hearsay. The petitioner assigns error to the trial justice's finding that on-duty police are "persons inhabiting or residing in the neighborhood" within the meaning of the statute. The petitioner also contends that since the administrator made no specific finding with regard to testimony by police that contraband was found during their raid, the trial justice was wrong in relying on this testimony. Furthermore, petitioner argues that the finding that there were untaxed cigarettes on the premises in violation of state law was not based on competent evidence because the cigarettes were found in an illegal search of the adjoining cellar of the residence at 287 State Street under a warrant authorizing a search of The Helm, 289-91 State Street.[3]

At the outset, we note the limited nature of the review we undertake in this case. Since our review is by certiorari, we do not examine the record to determine whether the evidence is strong or weak, direct or circumstantial, or to pass on credibility. *Chernov Enterprises, Inc.* v. *Sarkas,* 109 R.I. 283, 288, 284 A.2d 61, 63 (1971). Rather, we confine ourselves to a determination of whether there is any legal evidence or reasonable inference therefrom to support the findings of the Superior Court. *Mathieu* v. *Board of License Comm'rs,* 115 R.I. 303, 308, 343 A.2d 1, 4 (1975); *Hamaker* v. *Gagnon,* 110 R.I. 709, 717, 297 A.2d 351, 356 (1972).

The petitioner contends that in order to support a finding that the premises had become disorderly in violation of §3-5-23, there must be evidence of disorderly conduct

---

[3]In the subsequent prosecution of the petitioner in District Court for possession of the untaxed cigarettes in violation of G.L. 1956 (1970 Reenactment) §44-20-13, as amended by P.L. 1975, ch. 260, art. 6, §1, a motion to suppress was granted on the ground that the cigarettes were illegally seized.

224

within the building, and that this record is devoid of such evidence. We find no merit in this argument. The record contains testimony by police officers of fights directly outside The Helm. During one disturbance on October 27 the police arrested seven people who came out from The Helm bearing baseball bats. There is evidence in the transcript of a shooting in front of The Helm on October 24 and evidence of the arrest outside The Helm of a disorderly person who had been inside the establishment that night. We are of the opinion that the evidence and the reasonable inferences therefrom support the trial justice's finding that these disturbances commenced within the licensed premises and spilled out onto the sidewalk. Furthermore, this court has previously stated that under §3-5-23, as a practical matter, a licensee assumes an obligation to affirmatively supervise the conduct of his patrons so as to preclude the generation therefrom of a condition of nuisance in the surrounding neighborhood. *Cesaroni v. Smith*, 98 R.I. 377, 383, 202 A.2d 292, 295-96 (1964).

The petitioner also argues that there is no legal evidence to show that any persons inhabiting or residing in the neighborhood were disturbed or annoyed by conditions at The Helm. The record contains testimony by police, over petitioner's objection, that a neighbor called the police to report a fight in front of The Helm. The petitioner claims this testimony is hearsay and thus not legal evidence. We do not agree. It is well-settled that the rule barring the use of hearsay evidence applies only to an out-of-court utterance which is being offered for the purpose of establishing the truth of the matter contained therein. *State v. Palmigiano*, 112 R.I. 348, 359, 309 A.2d 855, 861 (1973); *State v. Clark*, 112 R.I. 270, 308 A.2d 792 (1973); *State v. Vaccaro*, 111 R.I. 59, 298 A.2d 788 (1973); *Martin v. Estrella*, 107 R.I. 247, 266 A.2d 41 (1970); *State v.*

*White,* 107 R.I. 306, 267 A.2d 414 (1970); *Allen* v. *D'Ercole Constr. Co.,* 104 R.I. 362, 244 A.2d 864 (1968).

In the instant case the telephone call was not offered for the purpose of inducing belief in any assertion contained therein. Rather, the making of the telephone call served as circumstantial proof of the caller's state of mind. *Taylor* v. *Centennial Bowl, Inc.,* 65 Cal.2d 114, 125, 416 P.2d 793, 800, 52 Cal. Rptr. 561, 568 (1966). The evidence is circumstantial, not testimonial; and it is therefore not obnoxious to the hearsay rule. 6 Wigmore, *Evidence* §1790 at 321 (Chadbourn rev. 1976). Any assertion contained therein is to be disregarded, and the indirect inference alone regarded. *Id.* at 320. From the very fact that the neighbor called to report the fight, it could reasonably be inferred that the neighbor was disturbed. *See Republic Aviation Corp.* v. *Republic Lodge No. 1987,* 10 Misc.2d 783, 794, 169 N.Y.S.2d 651, 664-65 (1957).

Thus we conclude that there is evidence in the record to support the finding that the petitioner allowed the premises to become disorderly so as to annoy and disturb persons inhabiting or residing in the neighborhood in violation of §3-5-23. It is not for this court to determine whether such evidence is strong or weak. *Chernov Enterprises, Inc.* v. *Sarkas, supra* at 288, 284 A.2d at 63. In view of our conclusion that there exists legal evidence to support the trial justice's finding, it is unnecessary for us to consider the petitioner's objections to additional facts and testimony received as evidence. *See Hooper* v. *Goldstein,* 104 R.I. 32, 43, 241 A.2d 809, 814-15 (1968).

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the papers certified to this court are ordered returned to the Superior Court with our decision endorsed thereon.

Mr. Justice Paolino did not participate.

*Joseph F. Penza, Jr.,* for petitioner.

*Julius C. Michaelson,* Attorney General, *Forrest Avila,* Special Asst. Attorney General, for respondent.