**Joseph DEFALCO d/b/a Joseph's Pub and J. & D. Associates**

v.

**Kathleen A. VOCCOLA, in her capacity as Liquor Control Administrator of the State of Rhode Island, and the Town of Johnston.**

No. 87–486–M.P.

Supreme Court of Rhode Island.

April 19, 1989.

Arnold N. Montaquila, Law Offices of Arnold N. Montaquila, Ltd., Providence, for plaintiff.

Richard C. Tallo, Providence, for defendant.

OPINION

WEISBERGER, Justice.

This case comes before us on a petition for certiorari filed by the town of Johnston that seeks to review a Superior Court judgment that reversed a decision by the liquor control administrator and required the town of Johnston to issue a renewal liquor license to the respondent (DeFalco) conditional upon DeFalco's securing an occupancy permit for his restaurant establishment. The facts of this case insofar as pertinent to this petition are as follows.

DeFalco is the present owner of real estate located at 470 George Waterman Road, Johnston, Rhode Island. This parcel of real estate is situated in a zone designated R–15 by the zoning ordinances of the town of Johnston. DeFalco has utilized the premises as a restaurant-lounge business since 1979. During that period DeFalco had a class-B alcoholic beverage license. The restaurant and pub use constituted a

pre-existing nonconforming use and was not compatible with the current zoning designation.

In February 1985, the State of Rhode Island condemned a portion of the real estate owned by DeFalco. This condemnation reduced the lot size from approximately 10,500 square feet to 10,141 square feet. This reduction in size of the land, which approximated 359 square feet, required DeFalco to remove seven feet of the frontage of the building which was located in part on the condemned portion of the real estate. In order for DeFalco to restore his building and modify it after removing seven feet of the frontage of the building, it was necessary to obtain a building permit and a demolition permit from the building inspector of the town of Johnston. The permit was refused on the ground that the building inspector considered the lot after condemnation to be a new lot and determined that the prior nonconforming use privilege was thereby nullified.

The refusal of a demolition and building permit caused DeFalco to file an action in the Superior Court in order to seek equitable relief and to be allowed to proceed to demolish a portion of his building and then reconstruct the same so that it would be usable as a restaurant-lounge. The Superior Court issued a preliminary injunction requiring the town to issue a demolition permit and a building permit. The preliminary injunction came into effect on February 26, 1986.

Meanwhile DeFalco had applied for renewal of his liquor license in December of 1985. The application for renewal of the liquor license was denied because the premises were no longer in conformity with the zoning ordinance, and also because DeFalco did not have an occupancy permit for the premises. DeFalco then appealed to the liquor control administrator for a hearing de novo. The hearing began on April 9, 1986, and continued from time to time until it was completed on April 30, 1986. On May 21, 1986, the liquor control administrator issued a decision in which she denied the application on the sole ground that DeFalco did not qualify for an occupancy permit.

Although the liquor control administrator had heard considerable evidence about the unsatisfactory management of the restaurant-lounge during past years, she did not take any of this evidence into account in denying the application. On appeal a justice of the Superior Court, noting that the premises were in the process of reconstruction, suggested that DeFalco would not be entitled to an occupancy permit until the construction was completed. He further noted that the liquor control administrator had failed to consider this circumstance. He held that the proper action would have been to grant a renewal of the liquor license on condition of DeFalco's receiving an occupancy permit. In effect, the trial justice found that DeFalco had been placed in a Catch-22 situation. His property had been condemned and a portion of the building was required to be removed. He could not obtain an occupancy permit unless and until the reconstruction of the building was completed. The town of Johnston had attempted to obstruct the demolition and reconstruction but was prevented from doing so by an order of the Superior Court.

Consequently the trial justice determined that since the controlling statute did not appear to prohibit a conditional license, "equity demands it be renewed, and once plaintiff [DeFalco] has complied with all requirements, he be permitted to resume his activities."

General Laws 1956 (1987 Reenactment) § 3-7-7 does not purport to deal with the question of the appropriateness of issuing a conditional license. However, we are of the opinion that this section, which provides for issuance of a retailer's license, class-B, does not anticipate the unusual fact pattern that exists in the case at bar. It is set forth in § 3-7-6 that the holder of a class-B license (as well as holders of other types of licenses) "shall be prima facie entitled to renewal thereof to the extent that the same are issuable under § 3-5-16." That section deals only with the maximum number of licenses that may

be issued in a particular town. Section 3–7–6 does provide that an application for renewal may be rejected for cause. It does not deal with the type of cause set forth by the liquor control administrator in this case, namely, lack of an occupancy permit in circumstances in which such occupancy permit was not immediately obtainable by reason of a condemnation by the state. In short, we deal here with a matter of first impression. The trial justice was not called upon to review a decision of the liquor control administrator denying a renewal of a license because of disorderly incidents in the course of the prior management of the establishment. *See, e.g., A.J.C. Enterprises, Inc. v. Pastore,* 473 A.2d 269 (R.I.1984); *The Edge–January, Inc. v. Pastore,* 430 A.2d 1063 (R.I.1981); *Mathieu v. Board of License Commissioners of Jamestown,* 115 R.I. 303, 343 A.2d 1 (1975). On the contrary, the trial justice was reviewing, pursuant to his authority under G.L.1956 (1984 Reenactment) § 42–35–15, a determination by the liquor control administrator, that was in effect a holding of law, that unless an occupancy permit had been obtained prior to the issuance of the license, no license could be issued under the statute.

We agree with the trial justice that such a holding under the unique factual circumstances of this case would be in violation of basic principles of equity. DeFalco, through no fault on his part, was deprived of a portion of his building. He made every effort to restore the building so that it might be utilized as a prior nonconforming use, as it had been under his management since 1979. To hold that it was necessary for him to restore the building and obtain an occupancy permit on speculation, as it were, before being considered eligible for a renewal of his license would be basically unfair. It would be a perversion of the licensing statute to construe it so as to require DeFalco to go through an extensive and costly renovation without any reasonable expectation that his license would be renewed after this renovation had been accomplished.

We have recognized the doctrine of equitable estoppel in zoning contexts not unlike that of the case at bar. *See Irish Partnership v. Rommel,* 518 A.2d 356 (R.I. 1986); *Tantimonaco v. Zoning Board of Review of Johnston,* 100 R.I. 615, 218 A.2d 480 (1966); *Shalvey v. Zoning Board of Review of Warwick,* 99 R.I. 692, 210 A.2d 589 (1965). Although these cases are not precisely on all fours with the facts of the case at bar, they bear a strong resemblance to this situation. Here, a valid nonconforming use has been, for all intents and purposes, disrupted by a condemnation by the state. DeFalco then attempted to demolish the portion of the building condemned and refurbish the structure in order that it might continue in its former use. The town of Johnston attempted to obstruct his efforts to demolish and reconstruct his restaurant and thereafter attempted to deny him a renewal of his license on the ground that he did not have an occupancy permit. This has placed DeFalco in an untenable position. Equitable principles should preclude placing this individual in such a situation by the municipal authority and by the liquor control administrator. Consequently we believe that the trial justice was correct in ordering the issuance of a license conditional upon obtaining an occupancy permit. We would add that this occupancy permit should not be unreasonably withheld.

For the reasons stated, the petition for certiorari is denied. The writ heretofore issued is quashed. The judgment of the Superior Court is affirmed. The papers in the case may be remanded to the Superior Court with our decision endorsed thereon.