[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision and Order of the Rhode Island Public Utilities Commission, Division of Public Utilities and Carriers made and entered on February 15, 1991 wherein it suspended the operating authority of D'Agostino Auto Sales 
Salvage, Inc. d/b/a Allens Avenue Towing, Inc. for a period of forty-five (45) days, commencing March 1, 1991.
Jurisdiction in this Superior Court is pursuant to § 39-5-1
and § 42-35-15 R.I.G.L., 1956, as amended.
On February 28, 1991 when the appeal was filed in this Superior Court, a stay of the suspension Order was entered by another Justice of this Court.
I
Case Travel Facts
D'Agostino Auto Sales and Salvage, Inc. hereinafter referred to as D'Agostino is a Rhode Island Corporation and holds a certificate of public convenience and necessity, #881, which in everyday parlance is known as a towing license. That license permits D'Agostino to initiate towing pick up services in theCity of Providence and to convey the vehicle picked up in the City of Providence to any destination within Providence County.Rule 14.2 of the Rules and Regulations Governing theTransportation Provided by Motor Carriers of Property prohibitsuse of D'Agostino's certificate #881 by any other person or corporation.
Allens Avenue Towing, Inc. hereinafter called Allens, is a Rhode Island corporation. The stock ownership of both D'Agostino and Allens is held by Dolores D'Agostino. D'Agostino and Allens both operate out of the same business address and both are reached by the same telephone number and both do towing service work using D'Agostino's certificate #881, in clear violation of the previously noted Rule and Regulation 14.2. This Superior Court may properly take judicial notice of that Rule. Hooper v.Goldstein, 104 R.I. 32, 37 (1968).
On February 13, 1990, an association known as Providence Towing Association retained Dennis M. Taber, a private investigator to investigate D'Agostino and Allens. Mr. Taber was retained to investigate whether or not both were initiating towing services at places outside of the City of Providence in violation of the authorization given by Certificate #881. His task was relatively simple, he or his office telephoned D'Agostino on three separate occasions and requested tow pick up of vehicles from locations outside of D'Agostino's authorized towing pick up area and D'Agostino responded. In laconic fashion it can be said that D'Agostino went out of its authorized area; on three different occasions, picked up and towed three vehicles and charged the purported owner, Taber, for the towing service, all in violation of its certificate #881 authorization.
Taber, having easily and quickly accomplished his assignment next went to the Public Utilities Commission along with the president of the Providence Towing Association and filed a complaint against D'Agostino. Three other unrelated complaints were also then either on file, or were later filed, by American Waste Paper, Inc. and Amica Mutual Insurance Company. As a result thereof, the Public Utilities Commission scheduled a hearing on the complaints against D'Agostino and Allens. Notice was duly given to them and a hearing date set for July 26, 1990. At the request of counsel for D'Agostino and Allens, that hearing was continued until August 29, 1990. On that date, before Hearing Officer John Spirito, a hearing was held. Thereafter, on February 15, 1991, a decision, made on the hearing record was made and filed by a different Hearing Officer, Adrienne G. Southgate, and approved by the Division Administrator, James J. Malachowski.
That decision suspended for a period of forty-five days the operating authority of D'Agostino under Certificate #881. From that decision, this appeal, pursuant to § 39-5-1 and §42-35-15, R.I.G.L. was filed on February 28, 1991. The hearing record has been duly certified to this Court and counsel have submitted various legal memoranda. On November 12, 1991 the case file was assigned to this Court for review and decision.
II
APPELLATE REVIEW PURSUANT TO G.L. § 42-35-15
General Laws 1956, § 42-35-15, as amended, confers appellate jurisdiction in this Superior Court to review decisions of the various state administrative agencies. The scope of review permitted, however, is limited by that statute. Fundamental in the statute is the basic legislative intention that this Court should not, and cannot, substitute its judgment on questions of fact for that of the respondent agency. Lemoine v. Department ofPublic Health, 113 R.I. 285, 291 (1974). This is so, even in those cases where this Court, after reviewing the certified record and evidence might be inclined to view the evidence differently than did the agency. Cahoone v. Board of Review,104 R.I. 503, 506 (1968). Judicial review on appeal is limited to an examination and consideration of the certified record to determine if there is any legally competent evidence therein to support the agency's decision. If there is such evidence, this Court is required to uphold the agency's factual determinations.St. Pius X Parish Corp. v. Murray, 557 A.2d 1214, 1218 (1989);Coster v. Registrar of Motor Vehicles, 543 A.2d 1307, 1309 (1988); Narragansett Wire Co. v. Norberg, 118 R.I. 596, 607 (1977); Prete v. Parshley, 99 R.I. 172, 176 (1965).
Where, however, the findings or conclusions made by an agency are "totally devoid of competent evidentiary support in the record" or by the reasonable inferences that can be drawn therefrom, then the findings made by the agency are not controlling upon this Court. Milardo v. Coastal ResourcesManagement Council, 434 A.2d 266, 270 (1981); Millerick v.Fascio, 384 A.2d 601, 603 (1978); DeStefanis V. Rhode IslandState Board of Elections, 107 R.I. 625, 627, 628 (1970).
The Administrative Procedure Act, G.L. 1956 § 42-35-15,
permits this Court to reverse, modify or remand an agency decision only in those instances where it finds that substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are in violation of constitutional or statutory provisions; or in excess of the statutory authority of the agency, or made upon unlawful procedure, or affected by other error of law, or clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, or is arbitrary or capricious or characterized by abuse of discretion or by a clearly unwarranted exercise of the agency's discretion.
III
THE RECORD REVIEW
This Court as noted previously is required to review the record certified here by the Division of Public Utilities and Carriers hereinafter referred to as the Division, and to determine therefrom if the hearing held before it was conducted in accordance with established legal procedures, and, if the findings made by the Hearing Officer and approved by the Division Administrator are supported by substantial evidence in that record.
The transcript of the hearing, while unnecessarily long, and not the model of what an orderly hearing should be, does contain clear and uncontradicted admissions by Dolores D'Agostino, the president of the corporations involved, that the three Taber
complaints, Division's Exhibit #2, were absolutely correct and truthful. Those complaints showed that on February 16, 1990, Allen's initiated a tow in Cranston and brought the vehicle to Jefferson Boulevard in Warwick; that on March 1, 1990 a tow was initiated by Allen's from Jefferson Boulevard in Warwick and the vehicle taken to Pawtucket and, that on March 13, 1990 a tow was initiated from Norwood Avenue in Cranston and the vehicle taken to Tiverton. Allen's, of course, is not licensed to tow vehicles, but was improperly using purported authority under Certificate #881 issued to D'Agostino, in clear violation ofRule and Regulation 14.2 of the Division of Public Utilities and Carriers. In addition to the improper use of Certificate #881 by Allen's, that certificate did not authorize the initiation of towing services outside of the City of Providence.
The Hearing Officer who made the decision also took administrative notice of two previous violation-suspensions of D'Agostino's certificate #881 in August, 1987 and October, 1989. On those occasions, fifteen and thirty-day suspensions were imposed. On this case, a forty-five day suspension was imposed. There is certainly nothing unreasonable in that added penalty in view of D'Agostino's efficacious track record.
D'Agostino in this appeal has raised various issues, none of which require much discussion because all totally ignore the very basic and elementary fact that Mrs. Dolores D'Agostino, the president of both Corporations, D'Agostino and Allens, candidly admitted the truthfulness of each of the three Taber complaints. The remaining three complaints filed by American Waste Paper, Inc. and Amica Mutual Insurance Company, were all withdrawn on the day of the hearing by three separate, but identically worded requests to withdraw presented by D'Agostino, and were not considered by the Hearing Officer.
D'Agostino in this appeal continues to torture its understanding of our Supreme Court's rationale in LaPetiteAuberge v. R.I. Commission for Human Rights, 419 A.2d 274 (1980) and continues to ignore the fact that the Fifth Amendment does not authorize a corporate officer, who did not prepare corporate records, to refuse to respond with those records in a civil or criminal proceeding. United States v. Guarino, 610 F. Supp. 371
(D.C.R.I. 1984); In re Grand Jury Subpoena, 606 F. Supp. 7
(D.C.R.I. 1983). The proceeding in this case before the Hearing Officer, was a Civil, in rem proceeding. Cesaroni v. O'Dowd,94 R.I. 66, 68 (1979).
In addition, it appears from the hearing transcript, as well as from D'Agostino's legal memoranda that its main dissatisfaction with the Division of Public Utilities and Carriers complaint hearing procedure in this case is based upon the fact that the complaints filed by Taber were all instigated by Kenneth Rocha, the president of the Providence Towing Association, and who had previously been the subject of similar complaints by the Division. (tr. 9-10). Apparently, D'Agostino takes the position that it is perfectly proper and permissible for it to violate the Rules and Regulations of the Division of Public Utilities and Carriers because other certificate holders in the Providence Towing Association are doing the same. Such self righteous justification logic is certainly interesting, but meritless.
D'Agostino also contends here in its appeal that the Hearing Officer's rulings during the hearing precluded it from presenting relevant evidence in support of its defense to the complaints by Taber. No specific defense is alleged, and it is obvious from the clear admissions of violation by Dolores D'Agostino, that there was none, other than as noted earlier, namely, the defense of,"others are doing it, so why can't I?" Further discussion and consideration of that contention is unnecessary.
Finally, D'Agostino contends that the Hearing Officer, Spirito, gave it "explicit assurances" (D'Agostino Memorandum ofLaw. p. 3.5.) that it would be treated as a "first-time violator" for penalty purposes. D'Agostino cites in support of its contention page 23 in the hearing transcript. There is no
such assurance reflected therein.
This Court has reviewed the certified record and the findings of fact and law made by the Hearing Officer Southgate, and the approval thereof by the Division Administrator. It has reviewed the various legal memoranda submitted by the parties. This Court as a result of that review finds that the Hearing Officer's conclusions of law are correct, and that her finding of fact are each fully supported by more than the required "substantial evidence." That means, evidence which is more than a scintilla, but less than a preponderance, and being relevant evidence that a reasonable mind might accept as adequate to support a conclusion.Caswell v. George Sherman Sand and Gravel Co., Inc.,424 A.2d 646, 647 (1981).
This Court in its review of the record certified here by the Division finds nothing therein contained which is in violation of any constitutional or statutory authority granted to it by law; finds that the Division's procedure was lawful and that its decision is not affected by any error of law. The Court further finds that the Division's decision is not clearly erroneous in view of the reliable, probative and substantial evidence contained in the record; is not arbitrary or capricious, and, is not characterized by any abuse of discretion by the Division.
Accordingly, pursuant to the specific legislative mandate contained in § 42-35-15 R.I.G.L., this Court must, and does, deny and dismiss the plaintiff-appellant's appeal.
The decision of the Rhode Island Public Utilities Commission, Division of Public Utilities and Carriers made and entered on February 15, 1991, is affirmed.
The previous Order of this Court, entered by Mr. Justice Orton on February 28, 1991, which stayed the suspension Order of the Division of Public Utilities and Carriers is hereby vacated.
Counsel shall prepare and present an appropriate Judgment for entry by the Court within fifteen (15) days.