[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal by the Rhode Island Automobile Insurance Plan from a decision of the Insurance Division of the Department of Business Regulation, pursuant to G.L. 1956 (1988 Reenactment) § 31-33-8 and G.L. 1956 (1988 Reenactment) § 42-35-15.
The facts are as follows. On April 21, 1990 Robin Owens met with Ray Zompa, an insurance broker, and completed an application for an automobile liability insurance policy. Ms. Owens wanted the policy to be effective immediately. Mr. Zompa, acting on his own belief, indicated to Ms. Owens that she would be "covered" if the application were deposited in the U.S. mail that same day. (Decision of Department of Business Regulation, Insurance Division, p. 2)
Mr. Zompa mailed the application, properly addressed, to the Rhode Island Automobile Insurance Plan some time on April 21, 1990. The envelope was postmarked "P.M. April 21, 1990."[1]
During the afternoon of April 21st, at approximately 4:00 p.m., Ms. Owens was in an automobile accident. At the time of the accident, she was driving one of the automobiles for which she had applied for insurance.
Upon notification of the accident, Ms. Owens' assigned insurance carrier, the Peerless Insurance Company, denied coverage. Ms. Owens then appealed Peerless' denial of coverage to the Governing Committee of the Plan, which sustained the denial of coverage. Thereafter, Ms. Owens appealed to the Rhode Island Department of Business Regulation, Insurance Division (D.B.R.), which, in a decision dated December 17, 1990, reversed the decision of the Governing Committee. The D.B.R. based its decision on its conclusion that Mr. Zompa had "substantial[ly] compli[ed]" with Rule 12 of the R.I.A.I.P. and that literal compliance would not have furthered the purposes of the regulations. (Decision, p. 8) The Plan filed this appeal in response. Peerless, the insurance carrier, declined to participate in the appeal. (Transcript, p. 35)
STANDARD OF REVIEW
Section 31-33-8 specifically grants the Superior Court of Providence and Bristol counties the power to hear appeals from decisions of the D.B.R. which pertain to the R.I.A.I.P. Section42-35-15 is a general grant of appellate jurisdiction for the Superior Court, empowering it to review decisions of many various state administrative agencies. Section 42-35-15 provides, in pertinent part:
 42-35-15 judicial review of contested cases.
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Essentially, when reviewing an agency decision, a reviewing court must not substitute its judgment for that of the agency in regard to the credibility of the witnesses or weight of the evidence concerning questions of fact. E.g., Costa v. Registryof Motor Vehicles, 543 A.2d 1307 (R.I. 1988). Even where a reviewing court is inclined to view the evidence differently than the agency, it must uphold the agency decision if there is any legally competent evidence in the record supporting the agency's decision. Blue Cross Blue Shield v. Caldarone, 520 A.2d 969, 972 (1987). However, where the findings or conclusions of fact made by an agency are "totally devoid of competent evidentiary support in the record" or of the reasonable inferences drawn therefrom, then the findings made by the agency are not controlling upon this court. E.g., Milardo v. CoastalResources Management Council, 434 A.2d 266, 272 (1981).
Questions of law are not binding upon a reviewing court and may be reviewed to determine what the law is and its applicability to the facts. E.g., Carmody v. Rhode IslandConflict of Interest Comm'n., 509 A.2d 453, 458 (R.I. 1986). Although involving questions of law, the construction and interpretation of a statute and applicable regulations by the agency charged with their administration are entitled to great weight by the courts. Griggs v. Duke Power Co., 401 U.S. 424, 433-34, 91 S.Ct. 849, 854-56 (1971). And when the construction of an administrative regulation rather than a statute is at issue, courts will give an agency's construction even greater weight.Udall v. Tallman, 380 U.S. 1, 16-17, 85 S.Ct. 792, 801 (1965);Griffin Hospital v. Comm'n. on Hospitals and Health Care,512 A.2d 199, 205 (Conn. 1986). Also, a trial court may be guided by principles of equity when reviewing questions of law. See,Defalco v. Voccola, 557 A.2d 474, 476 (R.I. 1989).
THE DECISION BY THE DEPARTMENT OF BUSINESS REGULATION
At issue in this case is the Department of Business Regulation's determination that Ms. Owens' coverage was effective as of 10:30 a.m. April 21, 1990 which allowed Ms. Owens to recover for her car accident that afternoon. The first paragraph of Section 12 of the R.I.A.I.P. (hereinafter "Rule 12") provides that "coverage shall become effective . . . at 12:01 a.m. on the day following the date of mailing of the application to the Plan Office . . ." (emphasis added). However, the last paragraph of Rule 12 provides that:
 coverages and limits for which the applicant is applying shall become effective as of the time the application is completed provided:
 1. the producer of record and the applicant certify . . . the date . . . and time . . . that the application was written, and
 2. the producer forwards to the Plan office, no later than the second working day after the application is written, . . . two copies . . .
 3. the producer of record maintains appropriate records of all risks for which he has designated time and date of coverage.
 This information shall be contained in a bound log of applications and endorsements with the following information by risk: name, transaction, time and date completed, initials of preparer, time and date mailed, initials of person responsible for mailing. . . .
 Note: If the above outlined immediate coverage provisions are not complied with, coverage will be made effective in accordance with the first paragraph of Section 12.
The D.B.R. had before it evidence which showed that although Mr. Zompa did not comply with the literal requirements of Rule 12, he did keep unbound records even though he did not record the full information required under subpart 3 of the last paragraph of Rule 12. Mr. Zompa stated that he was not familiar with the precise log-keeping requirements of Rule 12 (Transcript, p. 16), and that he thought he had complied with Rule 12 by keeping notes in an unbound "daily reminder." (Transcript, p. 9). The evidence also revealed that Mr. Zompa had been writing policies for the Plan for ten years (Transcript, p. 11), but had never received formal training regarding the requirements of Rule 12 (Transcript, p. 16).
The Plan argues that the D.B.R.'s interpretation and implementation of Rule 12 should be reversed as a matter of law. It contends that the purpose of Rule 12 is to prevent agents and applicants from back-dating applications and thereby defrauding insurance companies. It contends that this purpose would be seriously undermined if the literal terms of Rule 12 are not given their full effect.
While the Plan's contentions are not without merit, this Court is mindful of the deference accorded to an agency's findings of fact and interpretation of its own regulations. The D.B.R. found that Mr. Zompa had mailed Ms. Owens' application at some time on April 21, 1990. This finding was based on the postmark on the application envelope, which read "P.M. April 21, 1990." It also found that Ms. Owen's accident occurred late that same day, at approximately 4:00 p.m.. This finding was supported by a police report. Based on this and other evidence, the D.B.R. then concluded that there was "no indication whatsoever of perpetration of fraud by Owens." (Department of BusinessRegulation Decision, December 17, 1990, p. 8) It also concluded that Zompa's actions in keeping an unbound daily reminder listing names of applicants and type and amount of coverage substantially complied with Rule 12. It further concluded that literal compliance with Rule 12 would not have furthered the purposes of Rule 12 by providing any additional information to the Plan regarding the possibility of fraud. Finally, the D.B.R. concluded that the provisions of Rule 12 should not preclude Owens' coverage from being effective as of 10:30 a.m. on April 21, and consequently allowed Owens to recover.
The conclusions of the D.B.R. are consistent with the terms of the governing statute in this case G.L. 1956 (1988Reenactment) § 31-33-8. Section 31-33-8 is the enabling statute which empowered the D.B.R. to promulgate the R.I.A.I.P.. It directed that, the Plan be "fair to the insurers and equitable to the policyholders." Although the Plan certified Mr. Zompa,[2]
it never gave him formal notification or training regarding the existence and effect of Rule 12. This Court finds that, in this context, it would be inequitable to allow Ms. Owens to bear the burden of Mr. Zompa's misapprehension of Rule 12, and, therefore, the decision of the D.B.R. is consistent with § 31-33-8.
The Plan also argues that Mr. Zompa's failure to follow the literal requirements of Rule 12 prevented a valid contract between Owens and Peerless from coming into existence. The Plan relies on Goucher v. John Hancock Mutual Life Insurance Co.,324 A.2d 657 and Wilbur v. Clifton Moore, InsuranceCommissioner, Providence Superior Court "Decision", C.A. No. 85-5278 (5/26/88) by Gagnon, J. in support of this argument. Both Goucher and Wilbur must be distinguished from this case, however. This case involves an insurance agent's failure to meet all of the requirements of a detailed regulation. Goucher
and Wilbur each involved an applicant's failure to meet conditions set out in an application for insurance. The rigid principles of offer and acceptance applied in each of those cases, therefore, are inapplicable to the case at bar. Accordingly, the Plan's contention that contract law should bar Owens from recovering is without merit.
CONCLUSION
After review, this Court finds that the December 17, 1990 decision of the Department of Business Regulation is supported by legally competent evidence and is not clearly erroneous. For the reasons hereinabove set out, the decision of the Department of Business Regulation is affirmed. An order shall be submitted for entry within two weeks.
[1] Hereinafter, "Plan" will refer to the entity called the "Rhode Island Automobile Insurance Plan" and "R.I.A.I.P." will refer to the written regulations which are titled the "Rhode Island Automobile Insurance Plan".
[2] Rule 28 of the R.I.A.I.P. provides that "[a]ny producer [i.e. agent] submitting application to this Plan must be certified by the Plan. No producer may obtain applications or be paid commission on new business unless certified." Mr. Zompa had been working under the Plan for approximately ten years when he took Ms. Owens' application. (Transcript, p. 11)